Walker v. The City of Kansas.

WALKER v. THE CITY OF KANSAS, *Appellant.*

1. **Negligence:** BRIDGE: CITY. Where a city opens a bridge for public travel it must keep it as a whole in a reasonably safe condition for such use.

2. ———:———:———. It will be liable for injuries caused by the defective condition of one side, though the other side is safe for travel.

3. **Instruction:** ASSUMPTION OF A FACT. The assumption in an instruction of a fact about which there is no conflict in the evidence will not work a reversal of the judgment.

*Appeal from Jackson Circuit Court.*—HON. T. A. GILL, Judge.

AFFIRMED

*R. W. Quarles* and *W. A. Alderson* for appellants.

(1) The evidence showed that the bridge from which the respondent fell was only partially defective; that the entire structure was in a good and safe condition, except the west side thereof. On this evidence the appellant asked the court to instruct the jury in the words of the declaration of law heretofore sanctioned and approved by this court, instruction number 1 of appellant, which was refused. The judgment of the lower court must be reversed. *Tritz v. City of Kansas,* 84 Mo. 632, 642. (2) The second instruction given in behalf of respondent is fatally faulty in several particulars. In telling the jury what it might consider "in determining the question as to the safety of the bridge in question and the necessity for a railing or other guard to said bridge or its abutments, or the necessity of remedying the unevenness in the length of the planks constituting the floor of said bridge," the court declared,

| | |
|---|---|
| 99 | 647 |
| 100 | 193 |
| 99 | 647 |
| 104 | 500 |
| 99 | 647 |
| 111 | 184 |
| 99 | 647 |
| 54a | 116 |
| 99 | 647 |
| 56a | 19 |
| 99 | 647 |
| 127 | 119 |
| 99 | 647 |
| 130 | 285 |
| 99 | 647 |
| 69a | 523 |
| 99 | 647 |
| 71a | 533 |
| 99 | 647 |
| 142 | 583 |
| 99 | 647 |
| 150 | 402 |
| 99 | 647 |
| f153 | 299 |
| 153 | 317 |
| 154 | 654 |
| 99 | 647 |
| 91a | 67 |
| 99 | 647 |
| d92a | a148 |
| 99 | 647 |
| 94a | 1467 |
| 99 | 647 |
| 99a | 1184 |

as a matter of law, that the bridge had no railing and that the planks constituting the floor were uneven at the ends. The condition of the bridge at the time complained of by respondent is a question of fact, the determination of which was exclusively for the jury. Further, the instruction omits to submit to the jury, upon the question of "the necessity of remedying" the defects in the bridge, which the court declared existed, the question of the extent of the use of the bridge by the public. In this particular it was also erroneous; for, as to the question of the necessity of keeping the bridge in repair, either all or a part of it, the extent of the use thereof by the public is to be considered. This proposition is the same as that concerning the duty of a municipality to keep all of a street or sidewalk in repair. *Tritz v. Kansas City*, 84 Mo. 632, and cases cited; *Staples v. Canton City*, 69 Mo. 592.

*Jewell & Thompson* for respondent.

(1) The court properly refused instruction number 1 of appellant: (*a*) Because there was no evidence on which to base it. (*b*) There was no evidence that any part of the bridge was safe. (*c*) There was no evidence that a part of said bridge was sufficient for travel thereon, or convenient for same. There was no evidence that "only one side" or a part of said bridge was in a dangerous and unsafe condition. (*d*) The jury found that there was no guard rail on either side of said bridge. *Brown v. Mayor*, 57 Mo. 157; *Craig v. Sedalia*, 63 Mo. 417. (2) The doctrine of *Tritz v. City of Kansas* is not applicable to the circumstances of this case. A bridge sixteen feet wide over a chasm partly dangerous could not be safe for travel at night unless lights or some means to enable travelers to distinguish between the safe and unsafe parts were provided, of which there is no evidence. The reason of the doctrine is that defendant, by the exercise of proper care, might have avoided

the unsafe portion of the street. See cases last cited. Defendant's fourth and fifth instructions concede the unsafe condition of the whole bridge, and assume it was a risk to use it at all. (3) There was no error in the giving of instruction number 2 in behalf of respondent. (a) It does not assume any controverted facts, especially when taken, as it must be, in connection with the other instructions, as both the preceding and following instructions plainly submit to the jury the question as to whether a guard rail was lacking, and as to whether there was unevenness in the planks. *Noffsinger v. Bailey,* 72 Mo. 216; *Noble v. Blount,* 77 Mo. 235; *Parton v. McAdoo,* 68 Mo. 329. (b) It is not reversible error to assume facts not controverted by the evidence. *Barr v. Armstrong,* 57 Mo. 589; *Carroll v. Railroad,* 88 Mo. 239. Even conceding the two points made in respondent's brief, the errors are insufficient for reversal. Errors in giving and refusing instructions are not ground for reversal when the conclusion reached by the jury is manifestly right. *Noble v. Blount,* 77 Mo. 235; *Blewett v. Railroad,* 72 Mo. 581; 2 Thompson on Trials, secs. 2401, 2204, 2403.

BRACE, J.—The plaintiff recovered judgment in the circuit court for five thousand dollars damages for injuries received by him by a fall from a bridge across a ravine in Flora avenue in Kansas City. The only errors assigned are the refusal of the court to give instruction number 1, for the appellant, and the giving of instruction number 2, for the respondent.

The appellant offered the following instruction, which was refused: "1. You are instructed that negligence is the omission to discharge a duty, and you are instructed that it was not necessarily the duty of the defendant to keep both sides of said bridge complained of in a safe condition, but it was its duty only to keep as much thereof in such condition as was necessary to

render it reasonably safe for travel; and you will find for the defendant, although you may believe that one side of said bridge was defective and in a dangerous condition, provided you further believe from the evidence that only one side or a part of said bridge was in such condition, and that the remaining part was sufficient and reasonably safe and convenient for travel thereon.''

At the request of the respondent the court gave the following instruction: "2. In determining the question as to the safety of the bridge in question, and the necessity for a railing or other guard to said bridge or its abutments, or the necessity of remedying the unevenness in the lengths of the planks constituting the floor of said bridge, the jury will take into consideration the width and height of the bridge, its situation and the danger, if any, incident to falling therefrom."

I. There was no error in refusing appellant's instruction by which the court was asked to declare as matter of law that, although one side or part of the bridge was in a dangerous and unsafe condition, yet, if the remainder was sufficient and reasonably safe and convenient for travel thereon, the plaintiff could not recover. The defect in the bridge was that the ends of the planks on the west side were not even, some projecting from one to two feet further out than others, and that there was no railing on that side; originally a railing had been put up on each side, but several months before the accident that on the west side had been taken away, and of its absence the defendant had notice. It was while pursuing the usual course of travel on the west side of the street on a dark and slippery night that the plaintiff reached the northwest corner of the bridge going south, and, in endeavoring to cross over on it, fell off on the west side at or near that corner and was injured. There was some evidence tending to show that at the time of the accident the railing on the east side was still there.

The only application the jury could have made of the instruction, if it had been given, would have been to have found that the defendant was not negligent in not having a railing on the west side where plaintiff was traveling, and on which side he fell off, if they should find it had one on the east side on which he was not traveling; for there was no other evidence of the condition of any part of the bridge, except that of the west side, to which it could have applied.

On the west side of the street there was a sidewalk; on the east there was none. This bridge was the only way provided whereby foot passengers could safely pass over the ravine. Coming to the bridge from the north as plaintiff was from the only sidewalk, that on the west side of the street, across which a barrier had been erected to turn the travel in this direction, such passengers would naturally reach the northwest corner of the bridge and undertake to cross on the west side; on that side the ravine was eleven feet deep, requiring a bridge nearly seventeen feet to cross it. Ordinary care and regard for human life and limb would seem beyond question to require that such passengers should, in the darkness of night, have been protected either by a railing on that side of the bridge that would have prevented them from falling into the chasm, or by signal lights by which they might see the danger to which they were exposed; and it can be no answer to one who has received serious injury, for the want of such protection, that upon the other side of the bridge, where he had no occasion to go, there was a railing which would have prevented him from falling off on that side.

The only reason urged, and the only one that we can see that could be given, why it was error in the court to refuse this instruction is, that in the case of *Tritz v. City of Kansas*, 84 Mo. 632, a similar instruction was refused; and it was held in the opinion of Commissioner EWING that it should have been given. The

facts in that case do not sufficiently appear in the opinion to enable us perhaps to fully appreciate its exact force and bearing upon the merits of that particular case; but considered in the abstract we have no hesitation in saying that the proposition, that, as matter of law, it can or ought to be declared, that a city is not responsible for injuries resulting from the defective and dangerous condition of its streets or sidewalks which it has prepared for the use of the traveling public, to which injury the party injured has not contributed by his own negligence, if a part of such street or sidewalk is reasonably safe and convenient for travel thereon, is not sound, and if that case is to be understood as sanctioning that doctrine, in so far as it can be said to do so, it is not sustained by the authorities cited, and ought to be overruled. *Bassett v. St. Joseph*, 53 Mo. 290; *Brown v. Glasgow*, 57 Mo. 156; *Craig v. Sedalia*, 63 Mo. 417; *Staples v. Town of Canton*, 69 Mo. 592; *Brennan v. City of St. Louis*, 92 Mo. 482; *Streeter v. City of Breckenridge*, 23 Mo. App. 244; *Taubman v. City of Lexington*, 25 Mo. App. 218.

A city is not necessarily required to open or put all of its streets in a condition for public travel, or all parts of its streets in such condition, but when it does open and undertake to put a street in condition for such travel as a whole, or a part thereof, it must keep such street, or such part thereof as it does undertake to open and put in such condition in its entirety, reasonably safe for such travel. In this case the city had prepared this bridge for public travel, and it was its duty to keep it as a whole in a reasonably safe condition for such travel, and for its neglect in not doing so, in that it failed within a reasonable time after notice to restore the railing on the west side, it became liable for damages for the injuries to the plaintiff, a traveler exercising ordinary care in attempting to cross it, resulting from such neglect as was found by the jury.

II. In regard to the error assigned upon the second instruction given for the respondent, it is only necessary

in addition to say that, if read in connection with the other instructions in the case it can be said that any fact is therein assumed, it is a fact about which there was no dispute or conflict in the evidence, and the defendant has suffered no injury thereby. *Carroll v. Mo. Pac. Ry. Co.*, 88 Mo. 239, and cases cited.

The judgment is affirmed. All concur.