Roe v. City of Kansas.

ROE v. THE CITY OF KANSAS, *Appellant.*

1. **Practice:** MOTION TO STRIKE OUT TESTIMONY: EXCEPTIONS. The appellate court will not review the action of the trial court in efusing to strike out objectionable testimony where no exceptions were saved to the ruling.

2. ————: INCOMPETENT TESTIMONY, WHEN HARMLESS. Incompetent testimony received to establish a fact is harmless where the same fact was established by competent evidence.

3. **Sidewalk, Duty of City to Repair:** PRESUMPTION. It is the duty of a city to keep its sidewalks in repair and persons using them have the right to presume that this duty has been performed and that they are in safe condition for the use of the public.

4. ————. There is a difference between a sidewalk and a street, considering the uses to which each is put, and it is the duty of a city to keep the whole of its sidewalks in repair. (*Overruling Tritz v. Kansas City*, 84 Mo. 632.)

*Appeal from Jackson Circuit Court.* — HON. J. H. SLOVER, Judge.

AFFIRMED.

*R. W. Quarles* and *W. A. Alderson* for appellant.

(1) The respondent's witness, Brown, usurped the functions of the jury in stating that he judged from their appearance that the hinges of the door had been broken for some time. The witness should have been permitted to state the facts only. *Muff v. Railroad*, 22 Mo. App. 584. (2) The further statement of the same witness, that "the doctor saw her and pronounced her nose broken," was the merest hearsay. (3) The first instruction given in behalf of the respondent declared as a matter of law that it was the duty of the appellant to keep the sidewalk in repair—that is, all the sidewalk. It was fatally faulty. *Tritz v. Kansas City*, 84 Mo. 632; *Bassett v. St. Joseph*, 53 Mo. 290; *Brown v. Mayor*, 57 Mo. 156.

*Crittenden, McDougal & Stiles* for respondent.

(1) There is nothing in the objection to testimony mentioned, for the reason that even if the witness did state a conclusion, or opinion, he gave fully the facts and circumstances upon which it was based, and this he had the right to do. *Eyerman v. Sheehan*, 52 Mo. 221, 223; *Greenwell v. Crow*, 73 Mo. 638; 1 Whart. Ev., sec. 510 *et seq.* and cas. cit., notes; *Culver v. Dwight*, 72 Mass. [6 Gray] 444. Besides which this testimony was not only not contradicted, but there was abundant evidence of a number of other witnesses that the defect in the sidewalk had existed for a long time, and that, without fault on her part, plaintiff was seriously and permanently injured thereby. (2) Several instructions were given on each side; one for plaintiff is alone copied and commented upon. Even if that single instruction be "fatally faulty," as asserted (which we deny), yet, as defendant offered instructions upon the same theory (which were given), and as all the instructions given, "if taken as a whole series, applying to every possible phase of the case, fairly present the law to the jury and are not calculated to

mislead, this court will not reverse the judgment on the ground that all is not contained in a single instruction." *Meyers v. Railroad*, 59 Mo. 223; *Karle v. Railroad*, 55 Mo. 476, 482; *Gamache v. Piquignot*, 17 Mo. 310, 325; *Davis v. Brown*, 67 Mo. 313; *Noble v. Blount*, 77 Mo. 235.

SHERWOOD, J.—Action for damages caused by falling on a trap door placed in the sidewalk. It was charged in the petition and was established at the trial, that the hinges on the door had been broken and that it was in such a condition that, by stepping upon some parts of it, it would tip up. It was in this way that the accident to plaintiff occurred. This defect in the door had existed for some months, and the injuries to the plaintiff were of a permanent nature. The jury brought in a verdict giving damages at fifty-five hundred dollars, and defendant appeals.

Error is assigned but upon two points:

*First.* The refusal of the court to strike from respondent's witness, Zeno R. Brown, that, "from the appearance of the iron of the door hinges  \*  \*  \*  I would judge the hinges had been broken for some time," and, "the doctor saw her and pronounced her nose broken."

*Second.* The court erred in giving instruction number 1 in behalf of the respondent.

As to the first assignment it is sufficient to say that no exceptions were saved to the action of the court in refusing to strike out the testimony asked to be stricken out, and that if the testimony was obnoxious to criticism, as being incompetent, that the same facts were established by competent evidence, and so the incompetent evidence did no hurt.

The first instruction asked by plaintiff is the following :

" The jury are instructed that in this case the plaintiff seeks to recover damages for injuries alleged to have been received by her on account of a defect in a

sidewalk on Wyandotte street, in said city, which it was the duty of the city to keep in repair. Her claim is based upon the negligence of the city in not repairing the defect, and her injury resulting therefrom. The city, by its answer, denies both the negligence and the injury. Under the evidence, it is for you to determine both of these questions. It was the duty of the city to keep the sidewalk in repair; the plaintiff had the right to presume that this duty had been performed and that the sidewalk was in safe condition for the use of the public."

We find nothing objectionable in this instruction. It is urged, however, that the words, "to keep the sidewalk in repair," meant "*all the sidewalk*," and, therefore, the instruction was erroneous. But this is stretching the instruction beyond legitimate limits. *How wide* the sidewalk was at the point the injury to plaintiff occurred, does not appear. Conceding, as was decided in *Tritz v. City*, 84 Mo. 632, that the same rule ought to apply to sidewalks as to streets, still it does not appear that the sidewalk was of sufficient width for the use of the public, unless the defective portion thereof was taken into the account, and if this was so, then the instruction was correct in any event; and it was the duty of the complaining defendant to disclose the width of the error, in the instruction, if error there was, by disclosing the width of the sidewalk. But it seems to us there is an obvious difference between a sidewalk, considering the uses to which it is ordinarily applied, and a street. Over the sidewalk, and the *whole* of the sidewalk, pedestrians pass continuously; but this is not necessarily so of a street, which, for the most part, is used only by teams.

The court went too far in the *Tritz case*, and we are of opinion it should no longer be followed. Moreover, that case was overruled in the recent case of *Walker v. City*, 99 Mo. 647. Judgment affirmed. All concur.