GOINS v. THE CITY OF MOBERLY, *Appellant.*

Division Two, March 5, 1895.

1. **Practice**: EVIDENCE: IMPEACHMENT OF WITNESS. The trial judge may, in his discretion, refuse to compel a witness to answer questions concerning his relations with his wife before their marriage for the purpose of discrediting him.

2. **City**: DEFECTIVE SIDEWALK: PERSONAL INJURIES. A city is required to keep the whole of its sidewalks in a reasonably safe condition for travel.

3. ———: ———: ———: DAMAGES. A verdict for $4,000 for injuries received by a child nearly eight years of age which caused a running sore on her leg, and which will render her a cripple for life, besides causing her great pain, is not excessive.

*Appeal from Monroe Circuit Court.*—HON. R. F. ROY, Judge.

AFFIRMED.

*Will A. Rothwell* and *R. N. Bodine* for appellant.

(1) The court erred in refusing to permit defendant to impeach the witness Marts by examining him as to his relations with his wife before her marriage. *Muller v. Association,* 5 Mo. App. 401. (2) The court erred in refusing defendant's instruction marked "refused instruction number 2." A city is bound to keep only so much of its sidewalk in good condition and repair as is necessary to render it reasonably safe for travel. *Tritz v. City,* 84 Mo. 642; *Brown v. Mayor,* 57 Mo. 156; *Bassett v. City,* 53 Mo. 280. (3) The court erred in refusing defendant's instruction marked numbers 3 and 4, where a defect in a street is caused by the act of third parties there is no liability on the part of the city, unless it has actual or constructive notice of such defect. Elliott on Roads and Streets, pp. 460, 464. (4) The damages are excessive.

*Frank P. Wiley* for respondent.

BURGESS, J.—This is an action to recover damages for personal injuries sustained by plaintiff. It is based on defendant's alleged negligence in failing to keep in proper repair for public use a sidewalk in said city.

Plaintiff fell over an obstruction on one of the sidewalks on one of the public streets. She was walking homeward at about dusk on the evening of July 13, 1889, in company with her mother, stepfather, and a younger sister, when she fell over a slanting platform, about two and one half feet square, which

was used to roll barrels upon, and other articles into a storeroom, and injured her left leg. At the place of the accident the sidewalk was about twelve feet wide. At the time it occurred plaintiff was about seven years and nine months old. The evidence as to the length of time the obstruction had been permitted to remain on the sidewalk before the accident was conflicting; one witness stated as long as one year or more.

The defenses were a denial of the alleged negligence, and charges of contributory negligence.

The evidence tended to show that plaintiff sustained injury by the fall, which resulted in a running sore just above the knee, which discharged pus and small pieces of bone, and that it had to be opened several times, the last occasion being about one year previous to the trial; that she was a delicate child of scrofulous constitution, had never been able to use the injured limb after the accident, and the injury to it was permanent.

The case was tried before a jury, who returned a verdict in favor of plaintiff in the sum of $4,000, upon which judgment was rendered. Defendant then filed motions for new trial and in arrest, which being overruled, it appealed.

Defendant's first contention is that the court committed an error in refusing to permit it to impeach the character of one of plaintiff's witnesses, Winfield S. Marts, by refusing to compel, and not compelling, said witness to answer whether or not he had not lived with his wife and sustained the same relations to her before, as after, his marriage to her, and if he had not kept her, and paid her grocery bills, and how long it was after their marriage before their first child was born. *Muller v. Hospital Association,* 5 Mo. App. 390; s. c., 73 Mo. 242, is relied upon as sustaining this contention;

but in the opinion of the court of appeals in that case it is held that "the extent of cross-examination of this nature is somewhat in the discretion of the court, and must necessarily be so." The court committed no abuse of its discretion in refusing to compel the witness to answer the questions propounded. 1 Greenleaf on Evidence, sec. 454; *State v. Parker*, 96 Mo. 390. The judgment should not be reversed upon that ground.

There was ample evidence to justify the submission of the case to the jury, and the instruction asked by defendant in the nature of a demurrer to the evidence was properly refused. The evidence preponderated largely in favor of the theory of the plaintiff, and in sustaining the allegations in the petition.

Another contention is that the court erred in refusing to instruct that the defendant was only bound to keep so much of its side walk in good condition and repair as was necessary to render it reasonably safe for travel. *Tritz v. City of Kansas*, 84 Mo. 632, is cited in support of this proposition, but that case has long since been overruled. *Walker v. City of Kansas*, 99 Mo. 647; *Roe v. City of Kansas*, 100 Mo. 190.

With respect to its side walks along its streets, it was defendant's duty to keep them in a reasonably safe condition for persons who might travel thereon, either by day or night, and if the injury complained of was occasioned by reason of its failure to do so, then it should be held to respond in damages. The question of defendant's duty with respect to its side walks was plainly and fairly presented to the jury by the first instruction given in behalf of the plaintiff, and the sixth, ninth and tenth given on the part of defendant.

The instructions given, seven upon the part of the plaintiff, and twelve on behalf of the defendant, presented every phase of the case to the jury, and certainly most favorably to defendant.

There was no evidence tending to show negligence on the part of plaintiff contributing to the injury (if, indeed, she could have been charged with negligence), or upon the part of her parents. She was simply walking along upon the side walk where she had a right to be, caught her foot in a loose board on the incline, as it is called by some of the witnesses, fell and sustained the injury for which damages are claimed.

A final contention is that the damages assessed by the jury are excessive, and are the result of passion and prejudice. There is nothing in the record which would justify this court in so holding. Plaintiff, a mere child, in good health before the injury, though of rather delicate physique, from an injury sustained to her left leg occasioned by a fall upon one of the side walks in defendant city, has been made a cripple for life, beside suffering intense pain from a running sore, where there were evidences of decayed bone, that were detached, and loose particles, as well, also, as an unnatural enlargement of the lower part of the limb; and for the injuries thus inflicted the jury allowed her $4,000, and we are not prepared to say that the verdict is either excessive or the result of passion or prejudice. The judgment is affirmed. All of this division concur.