MARY CATON, Respondent, v. THE CITY OF SEDALIA, Appellant.

Kansas City Court of Appeals, May 6, 1895.

Municipal Corporations: DEFECTIVE SIDEWALK: PERSONAL INJURY: INSTRUCTIONS. The instructions of the court relating to the duty of the city to keep its streets in repair and also to the duty of the traveler in using the streets, as given to the jury in this case, are reviewed and approved.

*Appeal from the Pettis Circuit Court.*—HON. RICHARD FIELD, Judge.

AFFIRMED.

*E. J. Smith* for appellant.

(1) There is no evidence to support the first instruction for plaintiff. This instruction is also objectionable for that it seems to say plaintiff claims to

have been hurt on the part of the walk not thrown out, when in fact she claims to have been hurt at the place where the walk had been thrown out, if there was any such place. (2) The plaintiff's second instruction is not supported by the evidence in this: It leaves the jury to find if a board in the "sidewalk or passageway" turned and threw plaintiff, when plaintiff's evidence shows the board did not turn, but the "end flew up and struck her and knocked her down." The petition also charges it same as the evidence. (3) Plaintiff's third instruction is wrong. It tells the jury that whether there was a sidewalk there or not, the city was bound to keep the place where a sidewalk might be in safe condition, and that, if anyone put an obstruction there, the city is responsible for it; no matter whether it had notice or not. *Brown v. Glasgow*, 57 Mo. 156. (4) Plaintiff's instructions are not the law, especially the third one. *Harrington v. Sedalia*, 98 Mo. 583; *Golden v. Clinton*, 54 Mo. App. 100; *Craig v. Sedalia*, 63 Mo. 417; *Bassett v. St. Joseph*, 53 Mo. 290. (5) The sixth instruction asked by defendant was refused. It told the jury that the plaintiff's familiarity with the sidewalk should be taken into consideration in determining if she was exercising the requisite care on her part. We are unable to discern any reason why such is not the law or such instruction should not be given.

W. D. Steele for respondent.

(1) There is ample evidence to support the first instruction for plaintiff. (2) Plaintiff's second instruction is fully supported by the evidence. It was perfectly proper to instruct the jury that plaintiff had a right to presume the sidewalk was in safe condition for the public to travel over. *Roe v. City of Kansas*, 100 Mo. 190; *Walker v. City of Kansas*, 99 Mo. 647;

*Harrington v. City of Sedalia*, 98 Mo. 583. (3) The third instruction for plaintiff is clearly the law as applied to this case. (4) There was no error in refusing instruction number 6 for defendant.

GILL, J.—Plaintiff sued the defendant for damages resulting from a fall on a defective sidewalk. On a trial below, she recovered judgment for $475 and the defendant appealed.

The injury occurred at a point on Third street in said city, where the boards of about five to eight feet of the plank sidewalk had been loosened and displaced, and parties in the vicinity had laid the loose boards lengthwise, but they were left unfastened. There seem to have been some holes or depressions in the way. About dark, the plaintiff, in company with her little girl, was passing along the walk, when Mrs. Caton stepped on the end of one of the loose planks and it flew up and knocked her down. She fell in such a manner as to fracture the bone of one arm. The sidewalk had been in that defective and dangerous condition for more than a year; the city authorities had notice thereof, and about a month before the accident the street commissioner had thrown the loose boards out of the course of the sidewalk and onto an adjacent vacant lot. The next day, however, it was muddy and someone put the boards back and they were left in that condition for several weeks prior to Mrs. Caton's injuries. Plaintiff admitted on the trial that she had, at one time, known the walk was in bad condition, but had not passed over it for two or three months prior to the accident; and that when she approached it the evening in question, she saw the boards were placed lengthwise, but supposed they were safely fastened or secure and acted accordingly.

We have examined in detail the various objections

to this judgment and fail to find in any of them cause for reversal. The only fault to be found in the instructions relates to their number and length; otherwise they are unobjectionable. The law in such cases is well settled. Eliminating a number of meaningless, but harmless, words, plaintiff's instruction number 2 correctly advised the jury as to the law. By it the jury was told that it was the duty of defendant to keep the sidewalk over which the defendant passed in a reasonably safe condition, and plaintiff had a right to assume that the defendant had performed this duty, etc. And "that, if they believed from the evidence the plaintiff, while lawfully passing along and over said sidewalk, that she stepped upon a loose board constituting a part of said sidewalk, and that said board turned with her, causing her to trip and fall with great force, thereby wounding, bruising, and breaking her left arm and causing other injuries and bruises to plaintiff, and that defendant knew of the existence of said loose boards in said sidewalk in time to have put the same in a reasonably safe condition, or that it existed for such a length of time that defendant might have known of the existence thereof by the exercise of reasonable care and caution and that said sidewalk was not reasonably safe, and that plaintiff sustained an injury thereby without fault on her part, then defendant is liable, and you will assess her damages as directed in another instruction."

And further, by instruction number 3, the jury was told that this duty of keeping its sidewalks in proper condition and free from obstructions was not impaired by the fact that third parties may have placed the obstructions therein.

By instructions given at defendant's request, the jury was correctly advised that the city of Sedalia is not an insurer against accidents on its streets and sidewalks, nor is every defect therein actionable, though

it may cause an injury; and further that "it is sufficient, if the streets, which include the sidewalks thereon, are in a reasonably safe condition for travel in the ordinary modes, by night as well as by day; and whether the sidewalk alleged to have caused the injury in this case, was reasonably safe for a foot passenger at the time of the alleged fall, is a question to be determined by the jury; and if the jury believe from the evidence that a reasonably prudent person exercising ordinary care could have passed over said sidewalk, at the time, in safety, you will find for the defendant."

The court also, at defendant's request, told the jury that: "If the street commissioner of the city had, some time before the accident which caused the injury to plaintiff, thrown or removed the sidewalk, at the place where plaintiff was injured, out of the street and onto the adjoining lot and some person or persons, without the knowledge of the officers of said city, had placed the same back again on said street, or had put some loose plank where said walk had been, or both, and it is not shown that the city was aware of the same until after plaintiff was injured, nor that the same had so remained for so long that the city authorities of said city, by the exercise of ordinary diligence could have known of the same, then the city is not chargeable with negligence herein and the jury will find the issues for defendant."

Without further comment, it is sufficient to say that the instructions, considered altogether, contain a clear, unambiguous statement of the law, and are in line with the decisions. *Roe v. City of Kansas*, 100 Mo. 190; *Craig v. City of Sedalia*, 63 Mo. 417, and other cases cited in briefs of counsel.

The judgment will be affirmed. All concur.