## COFFEY v. CITY OF CARTHAGE, Appellant.

### Division Two, December 22, 1906.

1. **CONSTITUTIONAL LAW: Title: Increasing Judges of Circuit: Change of Venue.** Where the subject-matter of an act has a natural connection with its title, it may be said to be contemplated by its title, although the matter is not mentioned in the title. An act whose title relates to a certain judicial circuit, dividing it into two divisions, and providing two judges for the transaction of its business, although nothing is said in the title in reference to changes of venue, may contain a provision governing changes of venue.

2. **CHANGE OF VENUE: Two Judges of Circuit: To Another County: Motion to Dismiss.** Where the circuit court, which is composed of two divisions, having a judge for each, has jurisdiction over the subject-matter and the parties, a change of venue awarded by one of them to another county, on an application alleging prejudice on the part of both, without proof in support of the application, is not a nullity, but at most an irregularity, because the circuit court had power to award a change of venue; and the circuit court of the county to which it is sent has no authority to dismiss the cause upon motion. Such motion should have been made at the time the application was acted upon.

3. ———: **When Exception Must be Taken.** To enable the appellate court to review the action of the circuit court in passing upon an application for a change of venue, it must appear that an objection was made and exception saved at the term and in the court awarding the change.

4. ———: ———: **Must be Preserved in Motion for New Trial.** An exception saved at the time the change of venue was awarded, will not authorize the appellate court to consider any error committed in awarding the change, unless the attention of the trial court is called to the matter in the motion for a new trial. A preservation of the exception in a term bill of exceptions does not obviate the necessity, after verdict, of filing a motion for new trial, specifically setting forth the exception complained of.

5. ———: **Constitutional Law: Special Act: Applicable to Only One Circuit.** A law governing changes of venue in a named judicial circuit, having special reference to the procedure therein, but applying alike to all litigants in said court, is not

unconstitutional as a local or special act. The constitutionality of an act, when attacked as special or local one, is to be determined by the generality with which it affects the people as a whole, rather than by the extent of the territory over which it operates; and if it affects generally all persons within its operation alike, it is neither a local nor a special law.

6. ———: ———: ———: ———: Incidents of Power: Special Condition. The power existing in the General Assembly to pass an act providing for an additional circuit judge in a circuit, there necessarily goes with that power the lesser one to provide, as an incident to its exercise, for a change of venue in any cause pending in said circuit court, either to the division presided over by the other judge, or, if the reason exists against both judges, to the circuit court of some other county, even though in doing that it provides for a condition not provided for by the general statute.

7. NEGLIGENCE: In Exercise of Due Care. That plaintiff, a pedestrian on a public street, was not in the exercise of due care at the time of the accident, is an affirmative defense, to be proved by defendant.

8. EVIDENCE: Ordinance: Stipulation. A stipulation that the copy of an ordinance preserved in a former bill of exceptions might be used in lieu of the original ordinance, authorizes the reading of the ordinance in evidence.

9. NEGLIGENCE: Streets: Grass Plot. Where by ordinance a grass plot ten feet wide between the curbstone and lot line is embraced in the sidewalk, it becomes the duty of the city to keep the entire space in a condition reasonably safe for pedestrians who may have occasion to use it; and for a failure to perform that duty the city is liable in damages to persons for injuries received by them while traveling thereon in the exercise of due care.

Appeal from Newton Circuit Court.—*Hon. F. C. Johnston*, Judge.

AFFIRMED.

*J. D. Harris* and *E. O. Brown* for appellant.

(1) The act of the General Assembly, approved March 25, 1901, entitled, "An Act in relation to the 25th judicial circuit, dividing the court into two divisions, providing two judges for the transaction of the

business of said court, for the appointment of an additional judge and fixing the salaries of said judges,'' is void so far as it relates to changes of venue, because it violates article 4, section 28, of Constitution, providing that no law ''shall relate to more than one subject, and that shall be expressed in its title.'' State v. Great Western C. & T. Co., 171 Mo. 634; State v. Bixman, 162 Mo. 1; Witzman v. Railroad, 131 Mo. 612; State ex inf. v. Borden, 164 Mo. 221. (2) The court especially erred in overruling defendant's motion to dismiss and strike the case from the docket. Eudaley v. Railroad, 186 Mo. 399. (3) There was no substantial evidence to support the verdict in this case. The court below should, therefore, have sustained defendant's demurrer to the evidence. The verdict has no better foundation than a mere guess. The practical effect of the judgment in the circuit court is to take the property of the taxpayers and give it to plaintiff. And this is not allowable even in the case of a corporation. The plaintiff was not in the exercise of ordinary care at the time of the accident complained of. Her own testimony shows that she was perfectly familiar with the locality. She testified that she was in the habit of passing over the walk in question nearly every day. She knew of the existence of the hole. She saw it at the time of the accident. Moreover, there is no substantial evidence in this case that the city of Carthage had taken charge of the sidewalk in question. Wheat v. St. Louis, 179 Mo. 572; Kaiser v. St. Louis, 185 Mo. 366; Ruppenthal v. St. Louis, 190 Mo. 213.

*H. L. Shannon, Cole, Burnett & Williams* and *Clay & Sheppard* for respondent.

(1) Appellant's motion for a new trial attacks the order of the court granting a change of venue only on the ground that that portion of the act of the General Assembly approved March 25, 1901, providing two

judges for the 25th judicial circuit, relating to changes of venue, is unconstitutional. Therefore, all other objections to the change of venue have been waived. Brady v. Connell, 52 Mo. 19; Cowan v. Railroad, 48 Mo. 556; St. Louis v. Brewing Company, 96 Mo. 677. (2) The record will also support the inference that the change of venue was granted because Judge Dabbs found that Judge Gray was prejudiced, and that he was interested in the result of the suit. If granted on that ground, and that for that reason the order granting a change of venue was erroneously granted, such error was waived by appellant's failure to specify the same in its motion for a new trial. (3) A reasonable construction of the general law relating to changes of venue would authorize the venue of a cause to be changed to another circuit from a court having two judges, where the judge of the division where said cause was pending had been disqualified by an application for a change of venue. Especially would this be the case where the judge granting the change of venue knew that the other judge was disqualified. It is the duty of a judge granting a change of venue to send the case to a place where the cause for a change of venue does not exist. R. S. 1899, sec. 822. (4) That provision, however, relating to changes of venue, in the act of the General Assembly approved March 25, 1901, entitled, "An Act in relation to the 25th judicial circuit, dividing the court into two divisions, providing two judges for the transaction of the business of said court, for the appointment of an additional judge, and fixing the salaries of said judges," is valid and constitutional. State v. Mead, 71 Mo. 268; Ewing v. Hoblitzelle, 85 Mo. 64; State ex inf. v. Ins. Co., 152 Mo. 45; State v. Bixman, 162 Mo. 1; State ex rel. v. Ranson, 73 Mo. 86; State ex rel. v. County Court, 128 Mo. 427; O'Bryan v. Ash, 169 Mo. 299; State v. Bengsch, 170 Mo. 105; Elting v. Hickman, 172 Mo. 237; Cox v. Rail-

road, 174 Mo. 602; Ex parte Loving, 178 Mo. 203. (5) Under the terms of that act Judge Dabbs was authorized to pass on the qualifications of Judge Gray to try the case at bar, and while he was not bound to accept the affidavit of the applicant as conclusively establishing the disqualification of Judge Gray, the fact that the application for a change of venue attempted to disqualify Judge Gray certainly does not vitiate the order granting a change of venue. State ex rel. v. Dabbs, 95 S. W. 275; 14 Ency. Pl. and Pr., 148. (6) The ownership of property in Carthage subject to taxation for municipal purposes was sufficient to disqualify Judge Gray. Such interest must be a disqualification else it would not have required an act of the General Assembly to qualify jurors in such cases. R. S. 1899, sec. 3790; Jefferson County v. Milwaukee County, 20 Wis. 139; Drainage and Levee Dist. v. Jamison, 176 Mo. 567.

BURGESS, P. J.—This case was before this court on a former appeal by the plaintiff and will be found reported in 186 Mo. 573, wherein a full and fair statement of the salient facts may be found. The judgment was reversed and the cause remanded. Thereafter plaintiff presented an application for a change of venue based upon the grounds that she could not have a fair and impartial trial before the judge of the division of the court in which the cause was then pending, on account of the prejudice of said judge, and also alleging that she could not have a fair and impartial trial in the other division of said court, presided over by Judge Howard Gray, on account of his prejudice against her, and because he was interested in the result of the trial of the cause, in that, he was the owner of a large amount of property in the defendant city subject to taxation for municipal purposes.

The motion was sustained and a change of venue awarded to the circuit court of Newton county in the

24th judicial circuit, to which action of the court plaintiff at the time excepted.

After the cause was transferred to the circuit court of Newton county the defendant filed its motion to dismiss the case and strike the same from the docket of that court on the ground, among others, that the Jasper Circuit Court consisted of two divisions presided over by two judges, and that the plaintiff in her application for change of venue could only disqualify the judge in whose division the case was pending, which motion was overruled, and defendant duly saved its exceptions. The case was tried on the 22d day of December, 1905, in the Newton Circuit Court, and a verdict for thirty-five hundred dollars rendered in favor of the plaintiff. Motions for a new trial and in arrest of judgment were filed and overruled and defendant duly excepted, and appeals.

Defendant insists that the act of the General Assembly approved March 25, 1901, entitled, ''An Act in relation to the 25th judicial circuit, dividing the court into two divisions, providing two judges for the transaction of the business of said court, for the appointment of an additional judge and fixing the salary of said judges,'' is void in so far as it relates to changes of venue, because in violation of article 4, section 28, of the Constitution, providing that no law ''shall relate to more than one subject; and that shall be expressed in its title.''

While the matter of change of venue is not mentioned in the title to the act it certainly has a natural connection therewith, and it has always been held by the court that such provisions in a law are valid. Thus, in State ex rel. v. Mead, 71 Mo. 266, it was said that, ''a provision in an act 'concerning popular elections,' authorizing the Governor to fill vacancies in elective offices, is germane to the general subject and is valid.'' So it was held in the case of Ewing v. Hoblitzelle, 85

Mo. 70, that a statute providing for the registration of voters, and to govern elections and to create the office of recorder of votes, contained but one subject, and in that case it was said that an act containing provisions relating to matters which are germane to the general subject is not obnoxious to the constitutional inhibition that "no bill shall contain more than one subject." To the same effect are State v. Bennett, 102 Mo. 356; Lynch v. Murphy, 119 Mo. 163, and cases cited. It is not at all necessary to the validity of an act of the Legislature that it embrace every detail of legislation embraced in it, but all the Constitution requires is that the subject embraced in the act shall be fairly and naturally germane to that recited in the title and we think such is the case with respect to the provision of the act in question.

Other grounds for dismissal assigned in said motion were as follows:

"Second. That the act, 'Courts of record, Circuit Courts,' Laws 1901, page 120, passed and approved March 25, 1901, is unconstitutional and void so far as it relates to changes of venue, for the following reasons: The title to said act does not include change of venue, and is in violation of article 4, section 28, of the Constitution.

"That said act is in violation of article 4, section 28, of Constitution.

"Said act is in violation of article 4, section 53, of the Constitution.

"That said act is in violation of article 4, section 53, paragraph 33.

"Finally, said act is void for want of uniformity as a general law.

"Because the affidavit for a change of venue was not sufficient for the reason that it does not sufficiently allege the time when the information of the causes set

forth for change of venue came to the knowledge of the plaintiff.

"That the application for a change of venue does not state in the body thereof that the plaintiff could not have a fair and impartial trial for the reasons alleged therein."

It is now earnestly insisted that the court erred in overruling this motion because at the time plaintiff's application for change of venue was made there were two divisions of the Jasper Circuit Court, presided over by as many judges; that this case was assigned for trial to Division No. 2, presided over by Judge Dabbs; that the application sought to disqualify, not only Judge Dabbs on account of prejudice, but also Judge Gray of the other division, and that Judge Dabbs, in granting the change of venue to Newton county, did so without any proof or showing of prejudice by Judge Gray against the plaintiff, in the absence of which the cause should have been sent to Division No. One. But the circuit court of Jasper county over which Judge Dabbs presided had jurisdiction of the subject-matter and of the parties to the suit, and the power to award a change of venue; and although the order for the change may have been made without any existing cause therefor, or without any proof in support of the motion, or even if it had been made without any affidavit at all, still it is not a nullity, at most an irregularity, and the circuit court of Newton county had no authority to dismiss the cause upon the motion.

It should have been made at the time the application for a change of venue was acted upon. [Potter v. Adams' Exrs., 24 Mo. 159.] In Stearns v. Railroad, 94 Mo. 317, it is held that in order to enable this court to review the action of the circuit court in passing upon an application for a change of venue it must appear that an objection was made and an exception saved at the term *and in* the court awarding the change of venue. [State v. Dodson, 72 Mo. 283; Squires v. Chilli-

cothe, 89 Mo. 230; Keen v. Schnedler, 92 Mo. 516; State v. Taylor, 132 Mo. 282.]

While it does not seem to be insisted upon in this court, the point was made by defendant in its motion for a new trial that said section six with respect to changes of venue is local and special in its application in that it applies to one county and one judicial circuit only, and, comes within the inhibition of section 53, article 4, of the Constitution, which prohibits the enactment of any local or special law, where a general law can be made applicable; and as to whether or not a general law could have been made applicable in any case, is declared to be a judicial question, and as such to be judicially determined, without regard to any legislative assertion upon that subject.

We are unable to agree to this contention. While the law has special reference to the procedure in applications for change of venue in the 25th judicial circuit, it applies alike to all litigants in said court, whomsoever they may be, and its constitutionality must be determined by the generality with which it affects the people as a whole, rather than by the extent of the territory over which it operates, and if it affects generally all persons within its operation, it is neither a local nor a special law. [State ex rel. v. Yancy, 123 Mo. 391, and authorities cited.]

It is upon this principle that an act of the Legislature providing for the holding of two terms of the circuit court at Montgomery City in Montgomery county was held not a local or special law, in the case of State ex rel. Hughlett v. Hughes, 104 Mo. 459; and that an act of the Legislature establishing the Greene County Criminal Court, and an act separating the clerical duties of that court from the office of the circuit clerk, were held not to be local or special laws in the case of State ex rel. v. Yancy, 123 Mo. 391. [See, also, State v. Etchman, 189 Mo. 648.]

The right of the Legislature to pass an act for an additional circuit judge in the 25th judicial circuit being conceded, there can be no question with respect to its right to provide by appropriate legislation for the change of the venue in any cause pending in said court, and to provide that it should be transferred to the division presided over by the other judge, unless reason exist against both judges of said court, then such change should be allowed, to the circuit court of some other county, as now or hereafter provided by general statutes or otherwise disposed of according to law.

As was said by Fox, J., in State v. Etchman, supra: "It is sufficient to say that, having held that the act creating the criminal court was constitutional, the power exists by implication to provide for every necessary incident, without which it could not become properly organized."

The provision of the act under consideration simply provides that in case of the disqualification of one of two judges in the same circuit that the one ordering a change of the venue in a cause before him shall transfer it to the other, and does no more than provide for a condition not provided for by the general statutes, and is in no sense either local or special within the meaning of the Constitution.

What we have said finds support in the fact that the constitutionality of the act was recognized by the Kansas City Court of Appeals in State ex rel. v. Dabbs, 118 Mo. App. 663, though not directly passed upon in that case.

It is said for defendant that there was no substantial evidence to authorize the verdict in that the evidence showed that plaintiff was not at the time of the accident in the exercise of ordinary care; that it showed that she was perfectly familiar with the place of the accident and knew the existence of the hole. And

that there was no substantial evidence that the city of Carthage had ever taken charge of the sidewalk in question. These assertions are not sustained by the record; upon the contrary, there was evidence in regard to all of these matters of an affirmative character on the part of plaintiff sufficient to take the case to the jury. As to the contention that plaintiff was not in the exercise of ordinary care at the time of the accident, that was an affirmative defense on the part of the defendant, and was so pleaded in the answer, and the burden of proof in that respect was upon the defendant.

The action of the court in permitting the plaintiff, against defendant's objection, to read in evidence Ordinance No. 144 of defendant city, is assigned for error. The contention is that no foundation whatever was laid for its introduction in evidence. But it appears from the record that a stipulation was entered into between the parties by their attorneys, to the effect that the copy of said ordinance, as preserved in the former bill of exceptions, could be used as evidence in lieu of the original of said ordinance, and that the testimony of R. Lundy as preserved in said bill of exceptions could be used in evidence subject to the same objections by defendant that the original evidence would be subject to, the testimony of R. Lundy, city clerk, with respect to said ordinance included. Under this stipulation this evidence was properly admitted, and shows that the original evidence referred to was part of the revised ordinances of said city; that the same was an official record, and as such, the copy thereof as preserved in the former bill of exceptions was by reason of said stipulation properly admitted in evidence. [1 Greenleaf on Evidence (16 Ed.), secs. 483, 484.]

Plaintiff's instruction "H" is complained of upon the ground as contended that it told the jury that under the ordinance in evidence it devolved upon defendant to keep the entire ten-foot space from the curb

to the lot line open to the public as a sidewalk, including the grass plot, and reasonably safe for pedestrians, directing the jury that such assumption should be considered by them in arriving at their verdict. This instruction was given careful consideration by this court when the case was here before, and with respect thereto Judge Fox, in speaking for the court, said:

"Under the ordinances introduced in evidence, it is clear that the entire space between the curbstone and the lot line, including the grass plot, was embraced in the sidewalk and expressly set apart for that purpose by the ordinances of the city. This being true, it was incumbent upon the city to keep the entire space thrown open to the public as a sidewalk, in a condition reasonably safe for pedestrians who may have occasion to use it. The Kansas City Court of Appeals, in Fockler v. Kansas City, 94 Mo. App. 464, properly declared the law applicable to this proposition. It is in perfect harmony with the rule announced by this court in the cases cited in support of the conclusions reached. In the discussion of the question before the court in that case, which was substantially the same as the one in the case at bar, the law was thus very clearly and concisely presented:

" 'It is the well-settled law of this State that it is the duty of cities to keep their streets in a reasonably safe condition for the use of the traveling public, and for a failure to perform this duty they are held to be liable to persons for injuries received by them while traveling thereon in the exercise of due care. It is true that in the case of Tritz v. City of Kansas, 84 Mo. 632, the court held that "a city is bound to keep only so much of its sidewalk in good condition and repair as is necessary to render it reasonably safe for travel." But in the subsequent cases of Walker v. City of Kansas, 99 Mo. 647, and Kossman v. St. Louis, 153 Mo. 283, the Tritz case was overruled and is no longer authority

in this State. The contention of the city is that, as the space left between the sidewalk and the street curbing was not intended for the use of pedestrians, the city owed no duty to the plaintiff to keep it free from dangerous obstructions. It will be readily conceded that the city, for obvious reasons, had the right to leave a space between the curbing of the street and the sidewalk unimproved. In other words, it was not compelled to put the entire space occupied by the street in the same uniform condition for travel. Cities are not compelled to pave and provide sidewalks for their streets, but they may do so for their own convenience and for the use of the public. But they are compelled to keep them, when thrown open to public use, in a reasonably safe condition for travel. It seems to us that the difficulty with the defendant's contention is that because the city left a portion of its street unimproved along with and as a part of that which was improved, it owed no duty whatever to the public as to the former.' [Goins v. Moberly, 127 Mo. 116.]''

The same rule is announced in the recent case of Ely v. St. Louis, 181 Mo. 723, relied upon by defendant, and is in accord with well-settled law. The case of Fritz v. City of Kansas, 84 Mo. 632, also relied upon by defendant as sustaining its contention, has long since been overruled. [Walker v. City of Kansas, 99 Mo. 647; Roe v. City of Kansas, 100 Mo. 190; Goins v. Moberly, 127 Mo. 116.]

Defendant complains of the action of the court in refusing instruction number ten asked by it to the converse of said instruction "H" given in behalf of plaintiff, but if plaintiff's instruction was correct, as we have held, defendant's instruction was erroneous and properly refused.

The instructions given when taken all together, while in some respects subject to verbal criticism, presented the case very fairly to the jury.

Finding no reversible error in the record, we affirm the judgment.   All concur.

### ON MOTION FOR REHEARING.

BURGESS, P. J.—In a motion for rehearing filed by defendant herein it is said that we overlooked the appellant's printed record which shows that appellant objected to the action of the Jasper Circuit Court in awarding the change of venue to Newton county and at the time saved an exception to the ruling of the court in granting said change.

That we did not overlook this matter is demonstrated by the fact that in the statement of the case we stated, precisely, what the record discloses with respect thereto—that is, "That the motion for change of venue was sustained and the venue awarded to the circuit court of Newton county in the 29th judicial circuit, to which action of the court defendant at the time excepted." It is true, however, that this question was not passed upon or adverted to in the opinion, the reason being that the point was not made, nor was the court's attention in any manner called to it in the motion for a new trial, and being a matter of exception it could not be considered by this court under such circumstances.

It is well settled that no matter of exception can be considered by this court upon appeal or writ of error, unless the attention of the court below be called to it upon motion for new trial. This has been so often decided that it is deemed unnecessary to cite authorities upon the subject. The mere preservation of this question in the Jasper Circuit Court, by having signed by the judge of said court, and filed therein at the same term at which the ruling was made, a bill of exceptions, did not obviate the necessity of thereafter, after verdict, filing a motion for a new trial specifically setting forth therein all matters of exception complained

of, and thereby give the trial court an opportunity to correct its own error, or any other errors occurring during the pendency of the .proceeding which were evidenced by the record before the court finally trying the cause.

The motion is overruled. All concur.