JOHN B. MARSHALL, Appellant, v. ED. L. BROWN, Respondent.

St. Louis Court of Appeals, November 16, 1909.

1. **ATTACHMENT: Justices' Courts: Right to Amend Affidavit for Attachment.** In a suit by attachment, filed before a justice of the peace and appealed to the circuit court, the affidavit for attachment contained a jurat but did not have the affiant's signature attached, and defendant moved in the latter court to dissolve the attachment because of the defective affidavit. *Held,* plaintiff should have been given leave to amend the affidavit by affixing his signature, or by filing a new and proper affidavit, under Section 413, Revised Statutes 1899.

2. **APPELLATE PRACTICE: Attachment: Dissolution: Necessity of Motion for New Trial.** Where an affidavit for attachment is adjudged insufficient and the court denies leave to amend the same, and dissolves the attachment, in the absence of a motion for a new trial, the ruling of the court denying leave to amend is not reviewable on appeal.

Marshall v. Brown.

Appeal from Butler Circuit Court.—*Hon. J. C. Sheppard,* Judge.

AFFIRMED.

*Lew R. Thompson* for appellant.

(1) Neither is there any merit in the statement of counsel for respondent that no motion for a new trial having been filed, the errors complained of cannot be reviewed in this court. In order to obtain a review of the action of the trial court in ruling upon a motion which results in a final determination of the matter in controversy without a trial upon the merits, no motion for a new trial is necessary. Aultman v. Daggs, 50 Mo. App. 280. (2) The appellate courts will review the decisions of the trial court on motions, although no motion for a new trial was filed. Johnson v. Latta, 84 Mo. 139.

*Abington & Phillips* for respondent.

NORTONI, J.—This is an attachment suit which originated before a justice of the peace and found its way into the circuit court by appeal. It appears the plaintiff filed his affidavit for an attachment before the justice and, according to the jurat thereon, dated and signed by the justice of the peace, he was sworn to the same. However, he failed to affix his signature thereto. After the case reached the circuit court, the defendant moved a dissolution of the attachment for the reason there was no affidavit filed therein before the justice.

The point made and pressed upon the court was to the effect that although the plaintiff may have sworn to the affidavit before the justice of the peace, as appeared from the jurat thereon, executed by the justice, the affidavit was nevertheless no affidavit at all unless

the plaintiff had affixed his signature thereto, and it appeared that he had failed to sign it.

Upon the hearing of the motion, the plaintiff proffered to amend by affixing his signature to the affidavit or by filing a new and proper affidavit duly signed and verified. The court overruled the plaintiff's application to amend the original affidavit or to permit him to file an amended affidavit. Having overruled the application to amend, the court sustained the plaintiff's motion to dissolve the attachment on the grounds that there was no sufficient affidavit, it appearing that plaintiff had not signed the same. The attachment was therefore dissolved and the lien thereof discharged.

Thereafter, the cause went to trial on the merits and the judgment was given for the plaintiff thereon. The plaintiff prosecutes this appeal from the order of the court dissolving and discharging the attachment. The court was clearly in error in denying the plaintiff's right to amend. Our statutes, section 413, Revised Statutes 1899, provide substantially that attachments in courts of record or before justices of the peace may be dissolved on motion at any time before final judgment if the affidavit on which the same was found shall be adjudged by the court insufficient; but it is therein provided, too, that no attachment shall be dissolved in such case if the plaintiff shall file a good and sufficient affidavit to be approved by the court in such time and manner as the court shall direct.

It may be that the mere failure of the plaintiff to sign the original affidavit was not sufficient of itself to defeat it, it appearing from the jurat thereon that he had actually sworn to the same before the justice. On this question, we express no opinion, as it is unimportant here.

The plaintiff certainly had the right under the statute above referred to, to amend by affixing his signature or by filing a new and sufficient affidavit.

[Claflin v. Hoover, 20 Mo. App. 314; Musgrove v. Mott, 90 Mo. 107.]

However this may be, it appears that we are unable to relieve the situation for the reason the plaintiff filed no motion for a new trial or rehearing on this question. This is not a case, as argued by the plaintiff, where the court disposed of the whole cause upon a motion against the pleadings, and for that reason rendered its ruling reviewable on appeal in the absence of a motion for new trial or rehearing, as was decided in Aultmann v. Daggs, 50 Mo. App. 280.

The posture the case has assumed on appeal does not present that question but instead it presents the question of the action of the trial court in denying the right of an amendment. Indeed, the whole case was not disposed of on a motion, for in truth, the attachment is only ancillary to, or in aid of, the principal cause on the merits. [Coombs Commission Co. v. Block, 130 Mo. 668, 674.]

The entire attachment might fail upon a trial and still the case upon its merits proceed to final judgment and the plaintiff recover, as was the fact touching the suit on the merits in this case, for the plaintiff here actually recovered and obtained a judgment on his cause of action. Moreover, the appeal here is not prosecuted from the order of the court in dissolving and dismissing the attachment because of the defective affidavit, for it was conceded by the plaintiff, who prosecutes the appeal here, in the trial court that the affidavit was insufficient and sought to amend the same. This being true, the identical question presented is the ruling of the court on its denying the plaintiff the right to amend. This ruling is one to which the plaintiff should not only have saved an exception but one which may not be reviewed on appeal unless called to the attention of the trial court in a motion for a new trial or rehearing thereon. For the reasoning on the subject, see Union

Brewing Co. v. Ehlhardt, 139 Mo. App. 129, 120 S. W. 1193; In re Estate of Howard, 128 Mo. App. 482.

It may be, had the question been called to the attention of the trial court by a motion for rehearing, it would have reconsidered its action and reinstated the attachment. It is said to be highly unjust to the trial court in such circumstances to pronounce it in error on a ruling which it has had no opportunity to correct or review.

The matter not having been called to the trial court's attention by motion for new trial or rehearing, the judgment must be affirmed. It is so ordered. All concur.