EDWARD PISCULIC, APPELLANT, v. ANNA PLETKA, RESPONDENT.[*]

St. Louis Court of Appeals. Opinion filed February 9, 1928.

[*]Corpus Juris-Cyc. References: Appeal and Error, 3CJ, p. 965, n. 19; Attachment, 6CJ, p. 151, n. 82; p. 427, n. 41.

*Lubke & Lubke* for appellant.

*Foristel, Mudd, Blair & Habenicht, Harvey B. Cox* and *Harry S. Rooks* for respondent.

DAUES, P. J.—This is an action to recover the purchase price of a tombstone or monument made by plaintiff for defendant. The petition is in proper form and contains the following clause, about which some controversy arises: It is alleged, *inter alia,* "that plaintiff fabricated said monument, and on the 5th day of June, 1923, *tendered delivery* of the same to the defendant and demanded payment of the purchase price of $650, which, under the terms of said contract, defendant bound herself to pay on such *delivery* and payment of said sum was by defendant refused, etc."

Appended to the petition is an affidavit for attachment which is in perfect and proper form and in the language of the statute. It is there recited that the defendant "has failed to pay the purchase price of a certain monument *delivered,* which, by her contract for the purchase of the same, she was bound to pay upon the delivery." Attachment bond was filed; a writ of attachment and summons was issued, duly made returnable at the return term. A sheriff served the writ of attachment by levying on certain shares of stock owned by defendant in a Building and Loan Association and summoned the association as garnishee. At the return term, defendant filed a plea in abatement, challenging the facts in the affidavit for attachment. Defendant also filed a verified answer denying the execution of the contract,

Subsequently, the defendant withdrew her plea in abatement and filed a motion to dissolve the attachment, alleging as grounds, that under the petition and affidavit said attachment was improvidentially granted in this, first, that the petition does not allege *delivery* of the monument and the failure to pay upon *delivery*, and, secondly, that the monument was never delivered by plaintiff as admitted by plaintiff in a deposition; that the affidavit is in conflict with the petition and cannot be used as a basis of attachment in the cause. This motion was heard by the trial judge without evidence, and same was sustained on June 13, 1924, at the June term of the said circuit court and entered of record on that day. The court did not assign any specific ground therefor, but it seems to be on the ground that the petition and affidavit were wholly inconsistent. Within four days therefrom, and at the same term, plaintiff filed his motion to set aside said order sustaining the motion to dissolve the attachment, alleging as grounds for this motion that "the said order sustaining said motion is contrary to the law and unwarranted by the pleadings and the record in this cause, and, secondly, that the plaintiff prays the court to grant him a *rehearing* of said motion and such further orders as may be just and proper." Thereafter, at the same term, this motion was heard and overruled. During said term of the said court, plaintiff filed his term bill of exceptions covering this matter. The case then proceeded to trial on the merits at the April term, 1925, of said court. The cause was heard before a jury, with a verdict and judgment in favor of plaintiff for the full amount sued for. At the last-mentioned term of court, and after final judgment was entered on the merits, plaintiff filed his affidavit for appeal to this court, which was allowed. Plaintiff filed his general bill of exceptions, which simply incorporated the term bill of exceptions which had theretofore been filed.

At the outset, a very troublesome question arises. Respondent insists that since appellant filed no motion for new trial or motion in arrest of judgment after the conclusion of the case on the merits, the ruling on the motion to dissolve the attachment cannot be reviewed. On this point respondent cites the one case of Coffey v. City of Carthage, 200 Mo. 616, 98 S. W. 562, and the appellant cites none.

The question, then, is whether appellant having lost his attachment, on a motion to dissolve, which struck at the pleadings, that is, the petition and the affidavit, and having thereafter in due time filed his motion to set aside such action of the court or rehearing, and having then duly excepted to such ruling on his motion and preserved the points in a term bill, can now without filing a motion for new trial or in arrest of judgment after judgment on the merits properly have that point reviewed.

We have read more than a score of cases and have consulted textbooks on the question, which have a tendency to leave us somewhat

like Khayyam, who heard great arguments and found himself coming out of the same door wherein he went.

In 3 Corpus Juris, section 856, it is said that as a rule in order to present for review an order or judgment sustaining or dissolving an attachment, no motion for new trial is necessary, but in the notes the case of Marshall v. Brown, 145 Mo. App. 426, 122 S. W. 790, is cited. That case is somewhat involved. There, the affidavit for attachment was admittedly insufficient. The lower court denied leave to amend same and dissolved the attachment, and it was held that in the absence of a motion for new trial the ruling of the court denying leave to amend is not reviewable on appeal. The court said it was not reviewable because plaintiff filed no motion for new trial or for rehearing *on this question.* There were no steps taken by plaintiff in that case to afford the court an opportunity to correct that error; there was no motion filed at the time the ruling was made for review, nor was there such a motion filed after final judgment on the merits.

Our statutes on attachment provides, section 1766, Revised Statutes Missouri, 1919, that the parties may *appeal* after the case has been heard upon its merits—the plaintiff from the finding on the plea in abatement or on the merits as he may elect, or both. This case was not determined on a plea in abatement but on a motion which may be considered to be at least somewhat in the nature of a demurrer. At any rate, it charged the petition and affidavit with insufficiency and inconsistency. Plaintiff, having lost the whole issue of attachment on that motion, took steps at the time to have the court correct that ruling, he then excepted and preserved the point. He waited until the case was heard on the merits, as he had to, and then took his appeal. Being successful on the merits, he then brought up the sole question as to the correctness of the court's action on the motion to dissolve. Many cases are found which define the character of a pleading which may be treated exactly as a demurrer, such as a motion to strike out or dismiss, etc. [See State ex rel. v. Ellison, 266 Mo. 423, 181 S. W. 998, and cases cited.]

In the case of In re Estate of Howard, 128 Mo. App. 482, 106 S. W. 116, Judge GOODE, for this court, attempted to characterize and classify what rulings on motion can be reviewed without exceptions being saved as being part of the record proper, and attempted to reconcile embarrassing remarks in our decisions with reference thereto. However, our exact question is not there or elsewhere decided, so far as we can find.

In the case of Leahy v. Mercantile Trust Co., 296 Mo. 561, 247 S. W. 396, the Supreme Court held that a motion for judgment on the pleadings is not a demurrer, but that the action of the court thereon is a matter of exceptions and must be called to the court's attention in the motion for new trial. There the case was submitted upon the pleadings in two motions for judgment under the pleadings, one by

the plaintiff and one by the defendant. Plaintiff's motion for judgment on the pleadings was overruled. Defendant's motion was sustained and plaintiff appealed. Plaintiff simply excepted to the ruling of the court, filed no motion for new trial nor bill of exceptions at any time. He afforded the lower court no opportunity to review his ruling. So, then, that case is quite different from the case at bar. Here, plaintiff within four days' time filed his motion to set aside and *for rehearing* addressed directly and pointedly to the action of the court in dissolving the attachment on the petition and affidavit. He filed a term bill of exceptions and then waited, as he had to wait under the statute, to see how the case turned on the merits. He was fully successful on the merits, and then promptly took his appeal from the court's action on the attachment without filing another motion for new trial. The dual capacity of an attachment suit brings the necessity for waiting until the end before appealing. He went as far as he could on the first branch of the case, and being successful on the merits had no occasion to appeal from the latter, but stood on his appeal from the court's action on the first branch of the case.

Nor do we think our recent case of Mississippi Valley Trust Co. v. Franke, 268 S. W. 420, teaches a contrary doctrine. Therefore we are of the view that the point is preserved and here for review. Likewise, we hold that appeal lies from this order after final judgment is entered in the whole case.

Now, as to the correctness of the court's ruling that the attachment should have been dissolved. The petition and the affidavit are not precisely identical. The affidavit for attachment is certainly in proper form, it literally traces the statute. Can we say that the petition and affidavit are so inconsistent and repugnant on their face as to warrant a dissolution of the attachment? We think not.

What may be shown to be the facts as to delivery under a plea in abatement, if one is filed, is another question. The petition alleges that the monument was fully manufactured and completed under the contract; that delivery was tendered and payment refused. It does not allege the taking of the monument to the physical possession of the defendant, but alleges that all was done towards making the delivery that was required to be done under the contract. The affidavit simply uses the term that it was delivered. The courts hold that a cause of action in the petition must be the same as the grounds for attachment. The cause of action and the cause of attachment must be the same. [Deering v. Collins et al., 30 Mo. App. 80.] In other words, the grounds for attachment must be based upon the cause of action stated. So far as the face of the petition and the affidavit is concerned, the court, in our opinion, was not warranted in dissolving the attachment.

Accordingly, we rule that the order of the court dissolving the attachment is erroneous and should be reversed and the cause remanded, to be proceeded with on the affidavit for attachment. It is so ordered.

*Becker* and *Nipper, JJ.,* concur.