## RUSSELL ELLIS *vs.* WILLIAM JAMESON.

Although the record of a judgment, in virtue of its rendition, is not admissible evidence to prove a partnership, unless the parties are the same in both suits; yet the record of a judgment rendered by default against certain persons alleged to be copartners, is competent evidence, in a suit where the parties are different, to prove the fact that those persons did hold themselves out to the world as partners.

If a Judge of the Common Pleas decide the law rightly, and give to the jury reasons for his opinion, and those reasons are not the true ones, this furnishes no cause for a new trial.

EXCEPTIONS from the Court of Common Pleas, REDINGTON J. presiding.

Assumpsit upon a promissory note, signed by the defendant, and made payable to *Smith & Boody & Co.* or order, dated *Nov.* 9, 1836, for $380, payable in *June,* 1837. The note was thus indorsed: "*Smith & Boody & Co.* by *Calvin P. Stevens.*" The defendant denied that the note was duly indorsed, and also denied that *Stevens* had any right to indorse it. The plaintiff contended, that *Stevens* was one of the members of the firm, and as such had a right to indorse the note. The plaintiff released *Stevens,* and introduced him as a witness. He testified that he was a member of the firm, which consisted of *Smith, Boody, Howard,* and him-

self; that they carried on the lumbering business in partnership; and that he, as one of the partners, took the note and indorsed it to the plaintiff. Witnesses were introduced by both parties 'for the purpose of proving that there was such partnership, and to disprove it. Among other witnesses on the part of the defendant was one *Dwinell*, who had stated that the company to which he belonged had a lien upon the note. The defendant offered to prove by him, that *Stevens* refused to give up the note to him, but said he was willing to give back the note to *Jameson*, and promised so to do. This testimony was objected to by the plaintiff, and the Judge ruled that it was inadmissible, and rejected it. The plaintiff offered in evidence copies of several writs and judgments, wherein *Smith, Boody, Howard, & Stevens*, were sued as partners, and suffered judgment to be rendered against them by default; and also one where *Smith, Boody, & Howard* were sued as such, and *Stevens* was not joined. The defendant objected to the admission of these copies, but the Judge admitted them, stating to the jury as one reason for their admission, that if *Stevens* had not been a member of the firm, the true partners might have defeated the plaintiffs therein, and put them to other suits. The jury returned a verdict for the plaintiff, and that they found that *Stevens* was one of the partners in the company of *Smith, Boody, & Co.* The defendant filed exceptions.

*Wells*, for the defendant, said that the question to be determined at the trial was, whether *Stevens* was a member of the firm. His promising to give back the note to the defendant was wholly inconsistent with his having rightly taken it as a partner, for the company was entitled to it. The testimony rejected therefore tended to contradict *Stevens*, and should have been admitted.

It is an elementary principle, and rule of justice, that no one should be bound by the act or admission of another to which he is a stranger. Here, neither plaintiff nor defendant was a party or privy to the writs or judgments. 1 *Stark. on Ev.* 184. But these judgments were not admissible to show a copartnership even in a suit against the firm; and much less here between strangers. *Burgess* v. *Lane*, 3 *Greenl.* 165.

The jury were misinformed by the Judge of the effect of putting the name of a person not liable into the writs. The defendants

could not defeat the action, as the plaintiffs might strike out the name of a defendant, and proceed with the action. *St.* 1835, *c.* 178, § 4. Their interest would not have been to have objected to having *Stevens* brought in to help them pay debts, if he could. And the condition of *Stevens* might have been such, that it would be immaterial to him, whether this judgment stood against him or not. Besides, as there were suits where *Stevens* was not joined, this was a balance for the others. The instruction of the Judge therefore had a direct tendency to prejudice the defendant, and was clearly erroneous.

*Boutelle,* for the plaintiff, contended, that the testimony offered from *Dwinell* was wholly irrelevant, and therefore was rightly rejected. The writs and judgments were rightly admitted as evidence, subject to be rebutted. They were not held to be conclusive by the Judge. For some purposes they were admissible, and that is sufficient. They were the best evidence to show that the whole four admitted themselves to be partners at that time. The confession of one partner is sufficient to bind the whole, and certainly that of all the persons said to compose the company is. *Smith* v. *Jones,* 3 *Fairf.* 333; *Odiorne* v. *Maxcy,* 15 *Mass. R.* 39; 2 *Esp. Rep.* 608. If they permit *Stevens's* property to go to pay their debts, it is evidence of a common interest. The judgments are proper evidence to prove a fact. *Robison* v. *Swett,* 3 *Greenl.* 316; 1 *Stark. Ev.* 188; 4 *Mass. R.* 702.

The opinion of the Court was drawn up by

Weston C. J. — Proof of certain declarations of *Stevens,* the witness and alleged partner, was rejected, and in our judgment properly. They had no tendency to prove, that *Stevens* was or was not a partner, nor were they adduced to contradict his testimony, nor would they have had that effect.

The writs instituted and judgments obtained by other persons against the alleged partners, including *Stevens,* offered and received in evidence, although objected to, were not legally admissible to prove the facts established by the judgments, in virtue of their rendition. *Burgess* v. *Lane,* 3 *Greenl.* 165, is an authority directly in point. The plaintiff cannot avail himself of a judgment, as such, by which he would not have been bound. It is upon another

ground, that these writs and judgments were admissible in evidence. That certain persons have acted as partners, and have held themselves out to the world as such, is competent proof of partnership, and it is the usual evidence of the fact, where it is controverted. Upon adverting to the writs and judgments objected to, which are made part of the case, it appears that they were all rendered upon default. They were charged as copartners, acting as such under a certain partnership name. The default is a statute admission of the fact. In these suits, the alleged partners, including *Stevens,* being charged as partners by legal process, admit the fact, and suffer judgments to go against them by default. It is not easy to conceive by what more positive act they could hold themselves out to the world as partners, or could more explicitly justify others in dealing with them as such. Had they contested the fact, and it had been found or adjudged against them, it would not have been evidence which could have been used by others.

It is contended, that the Judge erred in one of the reasons which he gave for the admission of this testimony; but that is quite immaterial, it being in our opinion upon other grounds legally admissible.

*Exceptions overruled.*