JAMES W. THOMPSON ET AL. *v.* ANN THOMPSON ET AL..

On the trial of an issue in a proceeding under the statute, to contest the validity of a will, declarations, in reference to the mental capacity of the testator, of a legatee or devisee who is a party defendant to the proceeding, are not admissible in evidence to impeach the will, where there are other devisees or legatees whose interests may be injuriously affected by the admission of such evidence.

ERROR to the court of common pleas of Monroe county. Reserved in the district court.

The original proceeding was instituted by the plaintiffs in error against the defendants in error, in the court of common pleas of Monroe county, to set aside the will of William Thompson, on the ground that when he made it he was not of sound mind, and so not capable of making a will.

The will contains separate and distinct devises and bequests. Ann Thompson is one of the devisees and legatees, and so are Albert Thompson and Ellenor Hartley devisees and legatees, among others.

At the trial of the case in the court of common pleas, to a jury, the plaintiffs, to prove that the testator at the time he executed his will was not of sound mind, proposed to prove by one John S. Hartley that the said Ann Thompson had

directed him to warn merchants and others not to deal with
the testator, on account of mental incapacity, the said Ann
Thompson being the widow of the testator, and a defendant
in the action, and a devisee under the will to a large propor-
tionate amount.

The defendants objected to this proposed testimony on the
ground that there were other defendants devisees and parties
in interest, and that the declarations of one defendant could
not be given in evidence to the prejudice of others.

The plaintiffs contended that as the declarations proposed
to be given in evidence were the declarations of a party in
interest, and a party to the record, the evidence was ad-
missible.

The court sustained the objection, and rejected the pro-
posed evidence; and the plaintiffs excepted.

On the further progress of the trial, Gersham Morrow was
produced as a witness by the defendants, and after he had
given testimony favorable to the defendants, and when their
counsel had finished their examination of him, the plaintiff's
counsel asked him if the said Ann Thompson, Albert Thomp-
son and Ellenor Hartley " had informed the said witness that
said testator, William Thompson, was insane, and incapable of
transacting business. They, the said Ann Thompson, Albert
Thompson and Ellenor Hartley, all being devisees and lega-
tees in the will, and defendants on the record to this suit.
But counsel did not claim that said declarations were made
in the presence of the testator or of the other devisees."

The defendants objected to this question, and contended
that the declarations of three of the defendants could not be
given in evidence, to the prejudice of the other defendants
parties to the suit.

The court sustained the objection, and refused to allow
the witness to answer the question. And the plaintiffs ex-
cepted.

The jury returned a verdict for the defendants, sustaining
the will, and judgment was entered accordingly. Thereupon
the plaintiffs filed a petition in error in the district court to
reverse the judgment of the common pleas for alleged error

in excluding the said proposed testimony from the jury. The district court reserved the case for decision in this court.

*Edward Archbold*, for plaintiffs in error.

*Hollister & Okey*, for defendants in error.

BRINKERHOFF, J.—The question, whether, in a proceeding to contest the validity of a will, the declarations of a devisee or legatee interested in sustaining the will, as to the mental condition of the tastator, may be given in evidence by the contestants, when there are other devisees or legatees who may be affected by such evidence, has not been authoritatively decided in this state. And in other states, where the question has arisen, the decisions have not been uniform. The first case on the point, of which we are aware, is that of *Phelps* v. *Hartwell*, 2 Mass. 71. From the report in that case, it does not appear to what time in the life of the testator the declarations proposed to be given in evidence related—whether to a period prior to the execution of the will, to the time of its execution, or to a subsequent time. But the supreme court of Massachusetts held such declarations inadmissible, on the ground that there was another party interested in the establishment of the will.

In the subsequent case of *Atkins* v. *Sanger*, 1 Pick, 192, it was held that, in an attempt to set aside a will because the testatrix was not of sound mind and had been unduly practiced upon, evidence was admitted of the declarations of one of the executors, who was also a legatee and one of the parties to the record, as to *facts* which occurred *at the time of making the will*. In this case, the court say they do not interfere with that of *Phelps* v. *Hartwell;* and, so far as we know, the holding in *Phelps* v. *Hartwell*, as to the declarations of *opinion*, in respect to the mental state of a testator, especially in respect to a time anterior to the execution of a will, still remains the rule in that state.

In New York, it would seem, the point has not been directly decided. But the principle settled in *Osgood* v.

*Manhattan Company*, 3 Cowen, 612, and *Dan* v. *Brown*, 4 Cowen, 483, that, to make the admissions of one man evidence against another, they must have a *joint* interest, and not a community of interest merely, if strictly applied, would exclude such declarations; for the interest of legatees or devisees, under a will, though they may have a *common* interest in sustaining the validity of the will, is not a *joint* interest.

In Connecticut (*Plant* v. *McEwen*, 4 Conn. R. 544), it was held that, " though, as a general rule, the declarations and acts of the party on record, whether he had, or had not an interest in the subject at the time of making and performing them, are admissible in evidence against him; and though this rule may have no exception where such declarations and acts affect the party personally, or others who derive their property through him, or who have confided their interests to his care; yet where a suit was brought against an executor, on his probate bond, it was held that his declarations and acts, made and performed before he was executor, were inadmissible against him, as the judgment would affect the interests of the creditors and heirs of the testator, in relation to whom the executor was a stranger."

In Mississippi, the case of *Prewett* v. *Copwood* (30 Miss. R. 369), although, like the case just noticed from Connecticut, not directly in point on the question before us, yet, by analogy, throws light upon it. It was there held, that, "in a suit by the administrator of an intestate owing no debts, the admissions of a distributee are not competent evidence for the defendant; such admissions would have the effect to diminish the recovery, and to that extent would affect the interests of the co-distributees."

The question here under consideration has several times been before the supreme court of Pennsylvania, and has been considered by those distinguished jurists, Chief Justice Tilghman and Chief Justice Gibson. In *Nussear* v. *Arnold*, 13 S. & R. 323, in a case where the issue was *devisavit vel non*, it was held that "the declarations of a principal devisee in a will, that the testator was incapable of making a will, the will bequeathing to her the whole estate (a few legacies excepted)

for life, and afterward, one half to her relations, and the other half to the relations of the testator, though the plaintiff on record was her agent, are not evidence for the defendant." But, " if the whole estate had been devised to her, they would be evidence." In that case, one *Margaret King* was the principal legatee. And Tilghman, C.J., delivering the opinion of the court, says : " It is said, in support of this evidence, that *Margaret King* was the real plaintiff in this issue, the plaintiff on record, *Nussear*, being no more than her agent. If the whole estate had been devised to her, there would have been no question but her declarations would have been evidence, because the plaintiff on record has, in truth, no interest in the cause, and his name is used as mere matter of form. * * * But *Margaret King* is not the only person interested in the establishment of the will, and hence arises the difficulty of the present question. The testator's own relations, one of whom is said to be an infant, are also interested. * * * The declarations of *Margaret King*, therefore, if received in evidence, would affect, not only herself, but others in no manner connected with her, or implicated in her conspiracy. Granting that she is so much of a party to the suit that her confessions might be evidence against herself, these confessions are not the confessions of the others, who have a separate interest. It is not like the case of joint partners, where the confessions of one may be used against both. We are now to establish a general principle to govern all cases of this kind. It happens that *Margaret King* has a *large* interest under this will. But if her declarations are evidence, so also must be the declarations of a legatee who takes but five dollars, or any other sum. The *quantum* of interest will make no difference. * * * Under these circumstances, it is unsafe and unjust to permit the rights of one to be affected by the declarations of another, and, therefore, I am of opinion that the evidence ought not to have been admitted."

In the subsequent case of *Dietrich* v. *Dietrich*, 1 Penn. R. 306, involving the same question, the judges of the supreme court of Pennsylvania sitting in the case, were equally di-

vided in opinion, Gibson, C. J., being strongly in favor of adhering to the rule declared in *Nussear* v. *Arnold*. And in the still later cases of *Boyd* v. *Eby*, 8 Watts, 66, *Hauberger* v. *Root*, 6 W. & S. 431, and *Clark* v. *Morrison*, 25 Penn. St. Rep. 453, the rule declared in *Nussear* v. *Arnold*, was directly and unanimously reaffirmed. In the case last above named, Woodward, J., delivering the opinion of the court, says: " On an issue of *devisavit vel non*, where there are nine devisees and legatees under the will, may the three of them who are contesting the will on the record give evidence of the declarations of three of the remaining six devisees to impeach the will ? * * * There is no doubt the admissions of the three devisees would be evidence against themselves, if they were the only parties interested under the will; but Margaret and Jane, daughters of the testator, were each entitled to legacies of $200, and Eliza to a legacy of $5, and they are not parties to this issue. These daughters have a vested interest in their legacies; and although it may be true, as was asserted in the argument, that they would fare better if the will were set aside, than if it were sustained; yet this does not appear from the record, and no grounds are furnished us for such a presumption. As the case is presented to us, they do not question the will, but claim their legacies under it. Are their rights to be affected by the admissions of their mother and brothers ? The general rule of law, consonant with reason, is, that one person is not to be affected by the unauthorized declarations of another. The exceptions to the rule are found in those cases where there is a joint interest or privity of design between several. In such cases each is presumed to speak for the whole; but where there is neither joint interest nor combination, where each claims independently of the other, though under a common instrument, the words of one, no more than his acts, can bind the other. The interests of these devisees and legatees under the will are several and not joint; and hence the three who would impeach it, were bound, on principle, to produce evidence that was competent as against all the rest."

In *Burton* v. *Scott*, 3 Rand. R. 399, the court of appeals

of Virginia, held that the declarations of a party interested in sustaining a will, which declarations were made previous to the date of the will, were not evidence to impeach it.

On the other hand, the court of appeals of South Carolina, after having in *Dillard* v. *Dillard*, 2 Strob. R. 89, held that " the admissions of one who is not the sole party in interest, whether on the record or not, are not evidence on a question of *devisavit vel non*," subsequently, in the case of *Peoples* v. *Stevens*, 8 Rich. R. 198, overruled their former decision, and held, that " where executors, who are also legatees, proposed a will for probate, their declarations, as well after as before the execution of the will, may be given in evidence by the next of kin." And decisions more or less directly to the same effect, have been made in Tennessee (6 Yerger, 272), Georgia (16 Georgia R. 286); in Maine (8 Greenl. R. 42), and in Kentucky (1 B. Monroe, 399; 2 B. Monroe, 324).

Amid this conflict of cases, we feel ourselves at liberty to follow such rules of decision as seem to us to be founded on sound principle.

The sum of the reasons on which the cases holding that the declarations of a devisee or legatee are admissible, proceed, are these:

1. That the devisee or legatee, being generally a party to the suit, can not be sworn as a witness, and hence the necessity of receiving his declarations against his own interest.

But this reason has ceased in Ohio.

2. That the devisees and legatees have a common interest in sustaining the will; overlooking or disregarding the established distinction between a joint interest, like that of partners, and a several interest arising out of a common instrument, like that of legatees. And, on the whole, it seems to us that the reasoning of Tilghman, C. J., and Woodward, J., above given, has not been satisfactorily answered.

But let us look a little more closely at the particular case before us.

It does not appear from the bill of exceptions *when* the declarations of the legatees, offered in evidence and excluded by the court below, were made; whether before, at the time

of, or after the execution of the will. Error must be shown affirmatively, and all presumptions are in favor of the ruling of the court below. Now, these declarations may have been made before the execution of the will, and therefore at a time when the legatees, whose interests arise out of the will, had no interest to be affected by their declarations. The ground upon which such evidence is received is said to be " the extreme improbability of its falsehood. The regard which men usually pay to their own interest, is deemed a sufficient security, both that their declarations were not made under any mistake of fact, or want of information on the part of the declarant, if he had the requisite means of knowledge, and that the matter declared is true." 1 Greenl. Ev. sec. 148. Now, if these declarations were made before the will was made, this principal reason on which their admissibility is claimed, wholly fails; and although, as a general rule, the admissions of a party, whenever made, are evidence against himself, yet the case of admissions made by a party prior to the time when his interest accrued, and when other parties in interest may be injuriously affected by the admissions if received, is an exception to this general rule. This is directly decided in *Burton* v. *Scott* and *Plant* v. *McEwen, supra,* and, on principle, must be so.

Again, it does not appear from the bill of exceptions to what period in the life of the testator, the declarations offered in evidence as to his mental condition related; whether before or after the execution of the will. If after, they were clearly irrelevant, unless so recently after as to afford a presumption that his then condition was a continuation of that existing at the date of the will. But this does not appear to have been the case. For these reasons, special to this case, as well as upon general principles, we are of opinion that the court below did not err in excluding the evidence offered.

Judgment affirmed.

SUTLIFF, C.J., and PECK, GHOLSON and SCOTT, JJ., concurred.