Muller v. The St. Louis Hospital Association.

MULLER v. THE ST. LOUIS HOSPITAL ASSOCIATION *et al.*, *Appellants.*

1.   **Contested Will**: WILL OR NO WILL, A QUESTION FOR THE JURY.   The
     question of will or no will is one for the jury, under proper instructions from the court; and where the law of the case is declared with substantial accuracy, the verdict of the jury will not be disturbed by an appellate court.

2.   ———: ———.   Where a will is made in favor of a religious institution, by one *in extremis*, and who died in the hospital of such institution, the instrument being drawn by one acting as chaplain in the hospital, where there is evidence from which want of sound and disposing mind, or the existence of undue influence which destroyed the freedom of the will, might fairly be inferred, and where, without apparent reason, the will ignores a natural heir and misdescribes the testator's nearest relatives, a verdict against such a will will not be set aside as against evidence.

3. ——— : ——— : EVIDENCE. In such case, slight circumstances may furnish sufficient legal warrant for an inference against the will; and if the jury draw such an inference, it is fatal to the will.

4. ——— : UNDUE INFLUENCE: BURDEN OF PROOF. In a case of a contested will an instruction which takes from the jury the question of undue influence, or which tells the jury that in case of doubt they must find in favor of the will, is erroneous.

5. ——— : FORMER WILL AS EVIDENCE. In such an action, declarations of the testator contained in a will executed three years before, are competent as tending to show the testator's intention at that time.

6. **Impeachment of a Witness.** On cross-examination, a witness may be compelled to answer any questions which tend to test his credibility, or to shake his credit by injuring his character, however irrelevant to the facts in issue, or however disgraceful the answer may be to himself, except where the answer would expose him to a criminal charge.*

7. **A Verdict held not void for Uncertainty.** In a proceeding under the statute contesting the validity of a will, the verdict was as follows: "We, the jury, find *the paper read in evidence* is not the will of Martin Muller, deceased." A former will of the deceased as well as the one in controversy had been read in evidence. But the pleadings distinctly designated the instrument under which defendants claimed as the one controverted, and the instructions referred specifically to that one and no other. *Held*, that in view of these facts, there could be no doubt which will was meant by the jury. The verdict was, therefore, not void for uncertainty.

*Appeal from St. Louis Court of Appeals.*

AFFIRMED.

*A. J. P. Garesche* for appellants.

*Finkelnburg & Rassieur* for respondents.

HOUGH, J.—This was a proceeding under the statute, contesting the validity of an instrument of writing, which had been proved in common form, as and for the last will and testament of one Martin Muller, brought by the brothers and sisters of said Muller, against the St. Louis Hospital Association, which was named in said instrument as residuary legatee, and the defendant Wachter, who was

---

*These syllabi are taken from 5 Mo. App. Rep. 390.

named therein as executor. The judgment of the circuit court was that the instrument proved as a will, was not the will of Martin Muller, and that the same was inoperative and void, and this judgment was affirmed by the court of appeals. The case is reported in 5 Mo. App. Rep. 390, where the facts are fully stated. The clear, forcible and well considered opinion of the court of appeals in this case disposes of all the questions discussed in it, in a most satisfactory manner, and it is entirely unnecessary for us to restate the matter.

One question, however, has been urged upon our attention, which was not passed upon by the court of appeals. It is contended here that the verdict is not responsive to the issues, and is too vague and indifinite to support the judgment. The verdict is as follows: " We, the jury, find the paper read in evidence is not the will of Martin Muller, deceased." The alleged uncertainty in the verdict arises from the fact that at the trial a former will of the deceased was introduced in evidence. The pleadings in the case distinctly designate the will in which Father Wachter was named as executor, and the hospital association as legatee, as the one the validity of which was contested, and the instructions of the court refer specifically to the instrument in writing produced by the hospital association, and no other instrument purporting to be the will of Martin Muller is therein referred to. In view of these facts, there can be no question as to what will was meant by the jury. The judgment of the court of appeals is affirmed. The other judges concur.