Addington, S.
In the first hearing of this matter notice was filed by the contestants under section 2618 of the Code of Civil Procedure, requiring the examination of certain persons therein named as witnesses.
There was nothing before me to show that the persons named in said notice could give material testimony in this matter, and in declining to order their examination, I distinctly stated that fact as one reason for my ruling, adding in substance that. in my opinion the statute only contemplated the examination under this section of persons who were present at the execution of the will.
It seems that only the latter remark was taken down by the stenographer, and thus upon making up the case on appeal, the fact that I did not consider the testimony material, failed to appear; and the general term, therefore, were led to suppose that I held the exact contrary of my actual ruling on the question of the materiality of the proposed testimony, and the case on this point was sent back for re-hearing.
The contestants have now had the benefit of the testimony of the three persons named in said notice, and of such other witnessess as they chose to produce.
The only point urged on the present argument of the case, is that the will in question had been procured by the undue influence of the widow, who is one of the principal beneficiaries.
The testamentary capacity of the decedent seems to have been so fully established as to admit of no question, and a careful reading of the testimony, since the trial, has failed' to discover to me any evidence upon which to base a doubt of its existence.
I think also that the evidence wholly fails to sustain the allegations of undue influence under the well-established rules of law concerning that subject. Wade v. Holbrook, 2 Redf., 378; Booths. Kitchen, 3 id., 52, 67; Children's Aid Society v. Loveridge, 70 N. Y., 387; Marx v. Glynn, 88 id., 357; Hazard v. Hefford, 2 Hun, 445; Wilson v. Moran, 3 Bradf., 172.
The will is not substantially different from the one the decedent had made some time before the death of his infant son, and such changes as appear may readily be accounted for on satisfactory grounds.
But, even a radical charge of intention, on the part of a testator, is of no importance, if there is a sound mind *760 unconstrained. Titlow v. Titlow, 54 Penn. St., 216; McLaughlin v. McDevitt, 63 N. Y., 217; Childrens’ Aid Society v. Loveridge, 70 N. Y., 387.
Some testimony was offered by contestants to prove certain declarations alleged to have been made by the widow, both before and after the execution of the will, which, the contestants claimed, tended to show undue influence exerted" by her in procuring the making of the will. This testiwas, for the most part, excluded, according to the legal principle that the declarations of one legatee, or devisee, are not admissible to affect the validity of a will, or defeat its probate, when there is any other beneficiary who may be injuriously affected by such declarations, and who is not jointly interested, or in conspiracy with the person making them. Taylor v. Kelly, 31 Ala., 59; Blakey v. Blakey, 33 Ala., 611, 617; Burton v. Scott, 3 Rand. (Va.), 407; Titlow v. Titlow, 54 Penn. St., 216; Thompson v. Tompson, 13 Ohio St., 356; In re Will of Mary Ames, 51 Iowa, 596, Shailer v. Bumstead, 99 Mass., 112, 127; La Bau v. Vanderbilt, 3 Redf., 385, 399; Brush v. Holland, 3 Bradf., 240, et seq.; Finnern v. Hinz, 38 Hun, 465.
The interests of the beneficiaries under this are several and not joint (Clark v. Morrison, 25 Penn. St., 453), and could not, therefore, be affected by the declarations offered, since the will must stand or fall as a whole.
To set aside the part relating to the widow, and to probate the rest, would be a proceeding which the law would not approve. Van Beuren v. Dash, 30 N. Y., 425, 426; Benedict v. Webb, 98 N. Y., 460.
Decree admitting the will to probate may be settled on. "two days’ notice. _