MARY E. SEAL v. HERMAN P. GOEBEL, EXR., ET AL.

1. MANIFEST ERROR IN VERDICT IN WILL CONTEST MAY BE CORRECTED.

A jury in a will contest having inserted in its verdict the date of the execution of the will as the date of probate, the record showing that but one paper writing purporting to be the last will of decedent was exhibited, which were the date so given correct the right to contest would be barred, the court may treat the erroneous date as surplusage, enter judgment upon the verdict correcting the error and establishing the validity of the will.

2. DECLARATIONS BY A LEGATEE HELD INADMISSIBLE TO PROVE WILL CONTRARY TO TESTATOR'S INTENTIONS.

In a will contest declarations by a party to the record, who is a legatee with others under the will, are inadmissible to prove that the will was contrary to the intentions of the testator or was procured by undue influence.

3. BURDEN OF PROOF IS ON CONTESTANTS TO OUTWEIGH EVIDENCE OF PROPONENTS AND PRESUMPTION OF PROBATE.

In a will contest case the jury should be instructed that the evidence of the contestants, in order to warrant the setting aside of the will, should not only outweigh the evidence adduced by the defendant but also the presumption arising from the order admitting the will to probate.

Seal v. Goebel.

ERROR to Hamilton common pleas court.

**W. B. Stier** and **J. C. Hermann,** for plaintiff in error.
**Jacob Shroder,** for defendant in error.

SMITH, J.

At the trial of this case, which was a suit brought to contest the validity of the will of Hannah D. Weber, deceased, the jury returned its verdict finding that the paper writing shown to them and admitted to probate in the probate court of Hamilton county, Ohio, on May 15, 1900, was the valid last will and testament of the said Hannah D. Weber, deceased.

In this verdict there was a mistake, in that said will was admitted to probate upon May 1, 1905, instead of May 15, 1900, the latter date being the date of the execution of the will.

A motion for a new trial being filed the same was overruled. The court thereupon proceeded to enter a judgment upon the verdict so rendered, and in its judgment found the foregoing mistake to exist therein, and adjudged that the paper writing shown to the jury in the cause and admitted to probate in the probate court of Hamilton county and executed by said Hannah D. Weber, on May 15, 1900, purporting to be her last will and testament was her valid last will and testament.

We see no error in the court entering this judgment. The court did not undertake to amend the verdict but entered its judgment construing the verdict. The petition alleges that Hannah D. Weber died on or about April 20, 1905, and that she executed a paper writing purporting to be her last will and testament upon May 15, 1900. In the light of the record the description of the will as to its probate in the verdict was erroneous, but as the jury was impaneled to pass upon the validity of the last will and testament of Hannah D. Weber which was exhibited to them, the fact that the date of its execution was inserted in the verdict as the date of its probate, is of no consequence.

The entire record extrinsic of any and all evidence shows there was but one paper writing purporting to be the last will and testament of Hannah D. Weber submitted to the jury for its consideration and this paper writing was declared by the jury to be her valid last will and testament.

If the verdict is to be construed as involving the will probated May 15, 1900, then the action is barred and such claim can avail nothing to the plaintiffs in error. We are therefore of opinion that the court had the right to consider the date of execution in the verdict, as relating

to the date of probate, mere surplusage and enter this judgment as shown by the record: *Muller* v. *St. Louis Hospital Assn.* 73 Mo. 242.

As to the proposed evidence in reference to statements made by Judge Goebel to Mrs. Seal, same was properly ruled out by the court. We think it well settled that declarations of a party to the record of a case, who is a legatee with others under the will, in a suit to contest the will, are inadmissible to prove that the will was contrary to the testator's intentions or was procured by undue influence, other parties or legatees being affected thereby. *Thompson* v. *Thompson,* 13 Ohio St. 356; *Stull* v. *Stull,* 96 N. W. Rep. 196 (Neb.); *Myer's Will. In re,* 184 N. Y. 54 [76 N. E. Rep. 920]; *Kennedy's Will, In re,* 167 N. Y. 164 [60 N. E. Rep. 442].

We think there was no error in excluding the proposed evidence of Mr. Bettinger as to declarations made by Judge Goebel. The statements sought to be proved were not made while Mrs. Weber was present nor while she was engaged in the making of her will. It related rather to what he, Judge Goebel, had done and as to the proposed evidence with regard to Mrs. Weber coming to the office with memoranda for the purpose of having her will drawn. Mr. Bettinger testifies that at the time the will was drawn he was not constantly in his office and clients might come in and he not be advised of it.

No error was committed by the court in giving the special charges asked by defendants in error and refusing those asked by plaintiff in error nor in the general charge of the court. *Stull* v. *Stull, supra.*

In the light of the judgment of the Supreme Court in the case of *Hall* v. *Hall,* 78 Ohio St. 415, the plaintiff in error has no ground of complaint as against the general charge of the court, for it was not only the duty of the court to have instructed the jury as it did, upon the burden of proof and the preponderance of the evidence, but the jury should also have been told that the evidence of the contestant should not only outweigh the evidence adduced by the defendants but also the presumption arising from the order of the probate court admitting the will to probate as the valid last will and testament of Hannah D. Weber.

There being no error in the record, the judgment of the court below will be affirmed.

**Swing** and **Giffen, JJ.,** concur.