Circuit Court of Hamilton County.

MARY E. SEAL v. HERMAN P. GOEBEL, EXECUTOR, ET AL.

Decided, December 5, 1908.

*Verdict—Manifest Mistake in, Corrected in the Judgment—Surplusage
—Wills—Evidence—Charge of Court—Burden of Proof—Pre-
ponderance of Evidence—Presumption from Probate.*

1. Where the jury in an action to contest a will return a verdict estab-
   lishing its validity, but by a manifest error insert the date of the
   execution of the will as the date of its probate, and the record
   shows that but one paper writing purporting to be the last will
   of the decedent was exhibited to the jury, and that were the date
   of probate as given by the jury correct the right to contest the
   will would have been barred, it is not error for the court to treat
   the date given by the jury as mere surplusage and enter a judg-
   ment upon the verdict correcting the error and establishing the
   validity of the will.
2. In an action to contest a will declarations by a party to the record,
   who is a legatee with others under the will, are inadmissible to
   prove that the will was contrary to the intentions of the testator
   or was procured by undue influence.
3. In such a case it is essential that the jury be instructed that the
   evidence of the contestants, in order to warrant the setting aside of
   the will, should not only outweigh the evidence adduced by the
   defendant but also the presumption arising from the order ad-
   mitting the will to probate.

*W. B. Stier* and *J. C. Hermann,* for plaintiff in error.
*Jacob Shroder,* contra.

SMITH, J.; SWING, P. J., and GIFFEN, J., concur.

At the trial of this case, which was a suit brought to con-
test the validity of the will of Hannah D. Weber, deceased, the
jury returned its verdict finding that the paper writing shown
to them and admitted to probate in the Probate Court of Hamil-
ton County, Ohio, on the 15th day of May, 1900, was the valid
last will and testament of the said Hannah D. Weber, deceased,

In this verdict there was a mistake, in that said will was admitted to probate upon May 1, 1905, instead of May 15, 1900, the latter date being the date of the execution of the will.

A motion for a new trial being filed the same was overruled. The court thereupon proceeded to enter a judgment upon the verdict so rendered, and in its judgment found the foregoing mistake to exist therein, and adjudged that the paper writing shown to the jury in the cause and admitted to probate in the Probate Court of Hamilton County and executed by said Hannah D. Weber, on the 15th day of May, 1900, purporting to be her last will and testament was her valid last will and testament.

We see no error in the court entering this judgment. The court did not undertake to amend the verdict but entered its judgment construing the verdict. The petition alleges that Hannah D. Weber died on or about the 20th day of April, 1905, and that she executed a paper writing purporting to be her last will and testament upon the 15th day of May, 1900. In the light of the record the description of the will as to its probate in the verdict was erroneous, but as the jury was impanneled to pass upon the validity of the last will and testament of Hannah D. Weber which was exhibited to them, the fact that the date of its execution was inserted in the verdict as the date of its probate, is of no consequence.

The entire record extrinsic of any and all evidence shows there was but one paper writing purporting to be the last will and testament of Hannah D. Weber submitted to the jury for its consideration and this paper writing was declared by the jury to be her valid last will and testament.

If the verdict is to be construed as involving the will probated May 15, 1900, then the action is barred and such claim can avail nothing to the plaintiffs in error. We are therefore of opinion that the court had the right to consider the date of execution in the verdict, as relating to the date of probate, mere surplusage and enter this judgment as shown by the record. *Muller* v. *St. Louis Hospital Assn.*, 73 Mo., 242.

As to the proposed evidence in reference to statements made by Judge Goebel to Mrs. Seal, same was properly ruled out by

the court. We think it well settled that declarations of a party to the record of a case, who is a legatee with others under the will, in a suit to contest the will, are inadmissible to prove that the will was contrary to the testator's intentions or was procured by undue influence, other parties or legatees being affected thereby. *Thompson* v. *Thompson*, 13 O. S., 356; *Stull* v. *Stull*, 96 N. W. Rep., 196; *Matter of Meyer*, 184 N. Y., 54; *Matter of Kennedy*, 167 N. Y., 164 (99 Mass., 112).

We think there was no error in excluding the proposed evidence of Mr. Bettinger as to declarations made by Judge Geobel. The statements sought to be proved were not made while Mrs. Weber was present nor while she was engaged in the making of her will. It related rather to what he, Judge Goebel, had done and as to the proposed evidence with regard to Mrs. Weber coming to the office with memoranda for the purpose of having her will drawn. Mr. Bettinger testifies that at the time the will was drawn he was not constantly in his office and clients might come in and he not be advised of it.

No error was committed by the court in giving the special charges asked by defendants in error and refusing those asked by plaintiff in error nor in the general charge of the court. *Stull* v. *Stull*, 96 N. W. Rep., 196.

In the light of the judgment of the Supreme Court in the case of *Hall* v. *Hall*, 78 O. S., 416, the plaintiff in error has no ground of complaint as against the general charge of the court, for it was not only the duty of the court to have instructed the jury as it did, upon the burden of proof and the preponderance of the evidence, but the jury should also have been told that the evidence of the contestant should not only outweigh the evidence adduced by the defendants but also the presumption arising from the order of the Probate Court admitting the will to probate as the valid last will and testament of Hannah D. Weber.

There being no error in the record, the judgment of the court below will be affirmed.