## OSCAR P. MILLER v. THE JOURNAL COMPANY, Appellant.

**Division Two, December 21, 1912.**

1. **EVIDENCE: Relevancy: Impeachment: Cross-Examination: Acts of Witness: Objection.** Evidence not relevant to the issues may often be admitted for purposes of impeachment; and while it was not competent upon cross-examination to ask the plaintiff in a libel suit against a newspaper about charges of indignities made against him in a divorce suit in which he failed to appear and defend, but rather he should have been questioned as to his acts, yet, where the only objection was that such evidence was not relevant to the issues in the libel suit, it was not error to allow the question to be asked and answered as matter of impeachment.

2. ————: **Controverting Plaintiff's Witnesses: Admissions: Record of Former Suit: No Appearance.** Where the plaintiff in a libel suit against a newspaper puts in evidence by other witnesses as to his good marital conduct, he cannot be heard to say that testimony upon the same point is incompetent when advanced by the defendant, and under that head the defendant may introduce the record of a divorce suit against plaintiff, in which the petition charged him with indignities, and to which, although no judgment was ever entered, he failed to appear and plead—the facts, if true, that plaintiff was at that time without means to attend and contest, and did not want to discredit his wife, not going to the competency of the petition, but, at most, merely affecting its weight as evidence.

Appeal from Jackson Circuit Court.—*Hon. Hermann Brumback*, Judge.

REVERSED AND REMANDED (*with directions*).

*Sebree, Conrad & Wendorff* for appellant.

The court committed error in granting the plaintiff a new trial. The plaintiff by evidence introduced in chief by several witnesses, undertook to show that his married life was proper and correct. He thus made this matter an issue before the jury, and the

defendant had the right to meet such issue by any proper evidence; and, as the plaintiff was served with a summons and copies of the petitions, and as judgment by default was rendered against him on the petition filed at Independence, allegations of the petition which went into judgment tending to show that the plaintiff's marital life was not proper and correct, were admissible. The petition filed at Kansas City was the same in substance as the petition at Independence, and, therefore, its introduction in evidence added nothing to the petition filed at Independence, and, consequently, did not prejudice the rights of plaintiff. Besides, the plaintiff did not answer or deny the allegations in the Kansas City petition, although he was duly served with process and a copy of that petition. State ex rel. v. Flynn, 66 Mo. App. 373; Hoffman v. Hoffman, 126 Mo. 486; R. S. 1909, Secs. 1830, 2093; Millard v. Adams, 21 N. Y. Supp. 424; Eisenlord v. Clum, 126 N. Y. 552; Ellis v. Jameson, 17 Me. 235; Crogin v. Carleton, 21 Me. 492; May .v. Hewitt, 33 Ala. 161; 6 Ency. Pl. & Pr., 115, 116.

*Reinhardt & Schibsby* for respondent.

(1) Only that part of a plaintiff's character involved in the libel is in issue in a libel suit. Yager v. Bruce, 116 Mo. App. 496; Anthony v. Stephens, 1 Mo. 254. (2) The reputation of a plaintiff in a libel suit cannot be attacked by proof of specific acts. Yager v. Bruce, 116 Mo. App. 493; Rose v. Thalborn, 153 Mo. App. 408; Odgers, Libel & Slander, 304; 25 Cyc. 516; 18 Am. & Eng. Ency. Law (2 Ed.), p. 1102; Townshend, Libel & Slander (4 Ed.), Sec. 407. (3) A witness may not be impeached on immaterial matters. State v. Murphy, 201 Mo. 696; Wojtylak v. Coal Co., 188 Mo. 289. (4) The credibility of a witness cannot be attacked by proof of specific acts. Wright v. Kansas City, 187 Mo. 693. (5) The bad character and

reputation of a plaintiff in a libel suit goes only to mitigation of damages and does not amount to a defense. 18 Am. & Eng. Ency. Law (2 Ed.), 1080; 25 Cyc. 416, 418. And the jury should be told so. Jones v. Murray, 167 Mo. 25.

ROY, C.—Action for libel. Verdict for defendant, which was set aside on motion for a new trial, and the defendant has appealed from the order and judgment granting a new trial.

The petition charges that the defendant published in its newspaper, the Kansas City Journal, that the plaintiff was a pal of one Toots Rambo, a man of notoriously bad reputation.

The answer admits the publication and its falsity, pleads that the publication was made through honest mistake and inadvertence and without malice, and pleads in bar that plaintiff accepted a second article in satisfaction of any damage done by the first article.

The reply denies the claims of accord and satisfaction and of innocent mistake.

At the trial the plaintiff testified in his own behalf, and on cross-examination the following occurred:

"Q. When did you first marry? A. Along in 1876. Q. Did your wife get a divorce from you? A. Yes, sir.

"Counsel for plaintiff: Your Honor, I don't think that is at all material in this case.

"Objection overruled and plaintiff excepted.

"Q. What did she charge you with in that divorce proceeding? A. She charged me with drunkenness. Q. Anything else? A. I don't know; I don't remember now. Q. Did she charge you with cruelty? A. No, sir, I don't think so. I didn't pay much attention to it; I didn't fight it."

"Plaintiff's counsel: I object to any testimony as to this man's marital troubles as having no bear-

ing upon the issues in this case.'' Objection overruled and plaintiff excepted.

After that evidence was in, the plaintiff, without any objection from defendant, introduced several witnesses who testified that his marital conduct was good.

The defendant then put in evidence the petitions in two different divorce suits brought by plaintiff's first wife against him. One of those suits was brought in Independence returnable to the January term, 1887, and there is no showing that Miller was served with summons therein. A divorce was granted therein in February, 1887. Pending that suit the other suit was instituted by the wife at Kansas City returnable to the April term, 1887. The plaintiff admitted that he was served with summons in the latter case in Kansas, and that he did not appear or contest either of those suits.

Those petitions were alike in all respects so far as the cause of action and the relief sought were concerned. They charged the husband with cruelty and indignities to the wife of the grossest kind, and allege that he is the owner of a house and lot in the town of Buckner, and pray for a divorce and for alimony. Neither of those petitions charged Miller with drunkenness.

The wife did not prosecute the suit at Kansas City to a final result; and so far as the evidence shows it is still pending.

The court granted the new trial on the ground that the admission of those two petitions in the divorce cases was error.

The divorce petitions were not competent on the ground that they had any relevancy to the issues involved in the pleadings. If their admission was proper it was on some ground other than relevancy to the issues.

Evidence not relevant to the issues involved is often competent on collateral matters such as the impeachment of a witness. The plaintiff had testified for himself. In doing so, he was subject to all the rules as to the cross-examination and impeachment of witnesses. The law in that respect is declared in 1 Greenleaf on Ev., Sec. 461b: It is there held that testimony from other witnesses of particular instances of misconduct is an improper mode of discrediting a witness, because of the confusion of issues and the waste of time that would be involved, and because the witness cannot know what charges may be made and cannot be prepared to expose their falsity. It is also there stated that for those reasons the impeaching party (except when proving a conviction of crime) is relegated exclusively to the cross-examination of the witness to be impeached, as the sole mode not open to the above objections, of bringing out particular conduct affecting character, and the author then states that the trial court has discretion to set limits to such an examination, and to forbid it whenever it seems to be unnecessary or profitless or undesirable, and that such is the rule now in vogue in the majority of jurisdictions.

Wigmore on Ev., Vol. 2, Sec. 981, sustains the same rule, and says: "The reasons already examined (*ante,* Sec. 979) appear plainly to have no effect in forbidding the extraction of the facts of misconduct from the witness himself upon cross-examination. There is no danger of confusion of issues, because the matter stops with question and answer. There is no danger of unfair surprise, because the impeached witness is not obliged to be ready with other witnesses to answer the extrinsic testimony of the opponent, for there is none to be answered, and because, so far as the witness himself is concerned, he may not unfairly be expected to be ready to know and to answer as to his own misdeeds."

That doctrine was recognized by this court in Goins v. City of Moberly, 127 Mo. 116; and in Muller v. St. Louis Hospital, 73 Mo. 242, affirming the opinion of the St. Louis Court of Appeals in the same case in 5 Mo. App. l. c. 401.

Newell on Slander and Libel, 890, says: "If, however, the plaintiff testifies in his own behalf, he can be cross-examined on all the details of his previous life which affect his character; but, unless such details are material to the issue, the defendant must take the plaintiff's answer, and cannot call evidence to contradict it." Odgers on Libel and Slander, 642, is to the same effect.

Attention is called to the fact that the only objection made to that evidence was that it was not relevant to the issues. Such an objection was not good for the reason that it was offered evidently for impeachment, and not as being relevant to the issues.

It may be remarked that in such method of impeachment it is not competent to ask the witness as to what acts he has been charged with. The question should be whether he has done such acts, not whether he has been charged with them. But in this case no objection was made on that ground. The episode should be treated as an attempt by defendant to impeach the plaintiff as a witness by showing particular misconduct on his part not relevant to the main issues.

The rights of both parties in the matter ended with the cross-examination of plaintiff. When, thereafter, the plaintiff put in evidence by other witnesses as to his good marital conduct, he certainly proceeded on the theory that such evidence was competent, and, if competent for him, it was competent for the defendant. He cannot be heard to say that such theory applies to him and not to the defendant.

The question now arises, was the petition in the divorce case in which plaintiff was served with summons, and in which he failed to appear and plead,

and in which no judgment was ever entered, competent on the question of plaintiff's marital conduct.

1 Greenleaf on Ev., Sec. 527a, says: "A record may also be admitted in evidence in favor of a stranger, against one of the parties, as containing a solemn admission, or judicial declaration by such party in regard to a certain fact. But in that case it is admitted not as a judgment, conclusively establishing the fact, but as the deliberate declaration or admission of the party himself that the fact was so. It is therefore to be treated according to the principles governing admissions, to which class of evidence it properly belongs." And that author cites Cragin v. Carleton, 8 Shepl. 492, where it was held that where a judgment by default was entered against a party, such judgment was competent as an admission in favor of a third party in another suit.

That rule is approved in 16 Cyc. 971; Millard v. Adams, 21 N. Y. Supp. 424; Eisenlord v. Clum, 126 N. Y. 552; Ellis v. Jameson, 17 Me. 235. In the Eisenlord case it was said, "It is not the judgment which is to form the evidence. It is the admission contained in the pleading, or by the suffering of the default." So we say. The fact that no judgment by default was actually entered in the case in which he was served with summons does not, on principle, affect the result. He knew what the charges were and he admitted that he didn't fight it." He did not even know until long after that no divorce had been granted in that case. If he had answered in the divorce case denying the charge and the trial court had found against him, the judgment would not have been admissible in favor of a third party; not as an admission because of the denial, and not as a judgment because not between the same parties.

We find no case where this question has been raised on a record where the default was not entered. But "reason is the soul of the law," and the law

should be coextensive with the reason for it.  And since it is the failure to answer and not the judgment which constitutes the admission, the admission was complete in the divorce case when the defendant therein, according to his own admission, made no attempt to deny the charge.

The facts, if true, that Miller was living in Kansas at the time, and was a poor man, and without the means to attend and contest the case, and did not want to discredit his wife, might be considered as to the weight to be given to the petition as evidence but do not go to its competency.  The second petition was the same as the first, and the introduction of it, for that reason, was not reversible error.

The judgment and order of the trial court setting aside the verdict and granting a new trial is reversed, and the cause remanded with directions to enter judgment for the defendant in accordance with the verdict.  *Blair, C.,* concurs in result.

PER CURIAM.—The foregoing opinion of Roy, C., is adopted as the opinion of the court.  All the judges concur.