HERRMAN ET AL. v. LEVY ET AL.

*Contest of will — Evidence of undue influence — Statements of legatee admissible, when — Misconduct of counsel reversible error, when — Necessity of objection.*

1. In an action to contest a will, where it is claimed that one of the legatees exerted undue influence over the testator, statements of such legatee, addressed to the wife of a disinherited son; that when the father died the son "Won't get a cent, I will see to that, only a dollar," are admissible in evidence as tending to show a disposition on her part to keep the testator under her control and supervision, and to exclude other members of the family from any opportunity to interfere. (*Thompson et al.* v. *Thompson et al.,* 13 Ohio St., 356, distinguished.)

2. Misconduct of counsel to constitute reversible error must be prejudicial and objection made at the time of its occurrence.

(Decided May 14, 1917.)

ERROR: Court of Appeals for Hamilton county.

*Mr. Wm. W. Prather* and *Mr. R. E. Werner,* for plaintiffs in error.

*Mr. Froome Morris,* for defendants in error.

HAMILTON, J. The action in the common pleas court was to test the validity of the will of Solomon Levy. The trial of the issue resulted in setting aside the will, and judgment was entered accordingly.

Rachel Herrman and Margaret Herrman, two of the legatees under the will, prosecute error in this court, for reversal. The petition in error states several grounds of error complained of, but the only alleged errors urged by counsel for

plaintiff in error, as indicated by the memorandum of authorities filed, are as follows:

1. Alleged error in the admission of the testimony of Mrs. Edward Levy, relating to the statements made to her by Rachel Herrman, one of the defendants below.

2. Misconduct of counsel for plaintiffs below.

3. That the verdict is against the weight of the evidence.

The evidence disclosed that Solomon Levy died leaving two sons, Arthur Levy and Edward Levy, his only heirs at law; that for many years he had lived with plaintiff in error, Rachel Herrman, who was his sister; and that one of the plaintiffs in error, Margaret Herrman, was a niece of said testator and a daughter of said Rachel Herrman; that for many years testator had been separated from his wife, the mother of defendants in error; that for many years said Rachel Herrman had taken care of testator, and used testator's money to purchase a home which they together occupied; that she directed the sale of other property for him, and, in short, looked after him generally and largely transacted his business.

It is claimed by defendants in error that the will was the result of undue influence exerted over the testator by plaintiff in error, Rachel Herrman, who together with her daughter and Arthur Levy were the only legatees under the will.

At the trial of the case Maude Levy, wife of the son Edward Levy, testified as follows:

"Q. I want to direct your attention particularly to the occasion when her mother died, and ask

you whether you were at the house at that time.

"A. I was.

"Q. And had a conversation with her?

"A. I did; yes.   (Objected to by counsel for defendants.   Objection overruled; exception taken by counsel for defendants.)

"Q. What was that conversation, Mrs. Levy, with Mrs. Rachel Herrman?

"A. The day her mother died I went over and talked to her, and as I went to leave she said was I coming back that evening.   I said, 'Yes, I suppose Ed. and I will be back.'  She said, 'Is Eddie coming?' I said, 'Yes.'  And she said, 'Not a soul in the house will recognize him; we don't want him, and when Sol dies Eddie won't get a cent. I will see to that; only a dollar.' "

This evidence was objected to by counsel for Rachel and Margaret Herrman by a general objection interposed.   It is argued by counsel for plaintiffs in error that this evidence was not admissible, as it is a statement or declaration against interest, of one of several legatees, and can not be binding upon the other legatees, and was admitted contrary to the rule laid down in the case of *Thompson et al.* v. *Thompson et al.,* 13 Ohio St., 356, and cases cited.

We are in full accord with the principle laid down in *Thompson* v. *Thompson, supra,* but the proposition in that case is not applicable to the instant case.   In that case the witness testified that certain of the legatees had informed said witness that the testator Thompson was insane and incapable of transacting business.   This the court held to have been properly excluded.   It could

only be admissible as a declaration against interest, which under the rule in Ohio can not bind other legatees in a will.

In the instant case it is claimed that Rachel Herrman exerted an undue influence over the testator, and under the circumstances her language addressed to Maude Levy, wife of the disinherited son, was admissible, for the reason that it tended to show a disposition on her part to keep the testator under her control and supervision, and to exclude other members of the family from any opportunity to interfere. Counsel cite *Lewis* v. *Mason*, 109 Mass., 169.

The language addressed to Maude Levy, testified to by her, not only shows a disposition to exert a control over testator and exclude the family from consideration, but showed a disposition to directly dictate the making of the will, and is proper evidence for the jury to consider as an act in connection with other acts tending to show undue influence. The evidence was properly admitted.

2. The second ground of error urged was that there was misconduct on the part of counsel for plaintiffs below in mentioning in the colloquy which took place at the trial certain statements looking towards a compromise.

We will content ourselves by saying that the conduct was not prejudicial, and, since no objection or exception was noted and the court's attention was not called to the matter at the time, we do not think this ground is reversible error.

3. The evidence produced at the trial by the contestants was mainly directed to the question of

undue influence claimed to have been exerted by Rachel Herrman upon the testator in the making of the will. The evidence is quite voluminous, and without discussing it in detail will say we are of the opinion that the verdict is not manifestly against the weight of the evidence.

There being no error prejudicial to plaintiffs in error disclosed by the record, the judgment will be affirmed.

*Judgment affirmed.*

JONES, P. J., and GORMAN, J., concur.